IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 41270

| STATE OF IDAHO, | ) | |
| | ) | **2014 Opinion No. 52** |
| Plaintiff-Respondent, | ) | |
| | ) | **Filed: July 9, 2014** |
| v. | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| CHRISTOPHER THOMAS WEAVER, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Order of restitution, affirmed.

Sara B. Thomas, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Christopher Thomas Weaver appeals from the district court's order of restitution entered following Weaver's guilty plea to possession of a controlled substance. Specifically, Weaver alleges that the district court abused its discretion by awarding restitution without substantial evidence and by refusing to extend the time for payment of the restitution debt. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

After taking Weaver into custody on an outstanding warrant, an officer discovered a morphine sulfate pill in Weaver's vehicle during an inventory search. Weaver was subsequently charged with possession of a controlled substance, I.C. § 37-2732(c)(1), to which he pled guilty pursuant to a plea agreement. The district court sentenced Weaver to a unified term of seven years, with a minimum period of confinement of one year. The district court also ordered

Weaver to pay restitution to several law enforcement agencies pursuant to I.C. § 37-2732(k), which included $300 to the county prosecutor's office for the four hours the prosecutor claimed were spent on Weaver's case. The restitution order did not list a payment deadline or other payment terms. Shortly thereafter, the district court clerk's office filed an affidavit and notice of failure to pay, stating that Weaver had failed to pay his debt. The notice also stated that, pursuant to statute, the debt would be turned over to a collection agency and a collection fee added if the debt was not paid within thirty days.

Weaver filed an objection to the restitution order. At a hearing on the objection, Weaver requested more time to pay and challenged for lack of evidence the four hours the county prosecutor claimed was spent prosecuting Weaver. The state presented testimony from the county prosecutor elaborating on the time breakdown originally submitted with the restitution request. Based on this evidence, the district court found that the restitution amount was reasonable. The district court treated Weaver's request for more time to pay his restitution debt as an I.C.R. 35 motion for leniency and denied the request, concluding that the district court did not have jurisdiction to dictate how the clerk's office performed its statutory duty to collect debts. Weaver appeals.

## II.

## ANALYSIS

Weaver contends that the district court abused its discretion in two ways: first, in the amount of restitution ordered because substantial evidence did not support the $300 awarded to the county prosecutor's office; and second, in denying Weaver's request for more time to pay his restitution debt by failing to recognize that the district court had discretion to do so.

### A. Restitution Amount

Restitution may be ordered by the district court under I.C. § 37-2732(k) once a defendant is convicted of, or pleads guilty to, a crime under the Uniform Controlled Substances Act, Title 37, Chapter 27 of the Idaho Code. *State v. Gomez*, 153 Idaho 253, 257-58, 281 P.3d 90, 94-95 (2012). Idaho Code Section 37-2732(k) provides, in pertinent part:

> Upon conviction of a felony or misdemeanor violation under this chapter . . . the court may order restitution for costs incurred by law enforcement agencies in investigating the violation. Law enforcement agencies shall include, but not be limited to . . . county and city prosecuting attorney offices. Costs shall include, but not be limited to . . . any other investigative or prosecution expenses actually incurred, including regular salaries of employees. . . . A conviction for

2

the purposes of this section means that the person has pled guilty or has been found guilty, notwithstanding the form of the judgment(s) or withheld judgment(s).

Because I.C. § 37-2732(k) is short on specific guidance regarding the nature of a restitution award or the procedure to obtain such an award, we are guided by the general restitution statute, I.C. § 19-5304. *Gomez*, 153 Idaho at 258, 281 P.3d at 95; *State v. Mosqueda*, 150 Idaho 830, 833-34, 252 P.3d 563, 566-67 (Ct. App. 2010).

The decision whether to order restitution, and in what amount, is within the discretion of a trial court, guided by consideration of the factors set forth in I.C. § 19-5304(7) and by the policy favoring full compensation to crime victims who suffer economic loss. *State v. Richmond*, 137 Idaho 35, 37, 43 P.3d 794, 796 (Ct. App. 2002); *State v. Bybee*, 115 Idaho 541, 543, 768 P.2d 804, 806 (Ct. App. 1989). Thus, we will not overturn an order of restitution unless an abuse of discretion is shown. *Richmond*, 137 Idaho at 37, 43 P.3d at 796. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

To meet the second and third requirements of this analysis, the trial court must base the amount of restitution upon the preponderance of evidence submitted by the prosecutor, defendant, victim, or presentence investigator. I.C. § 19-5304(6). The determination of the amount of restitution is a question of fact for the trial court whose findings will not be disturbed if supported by substantial evidence. *State v. Corbus*, 150 Idaho 599, 602, 249 P.3d 398, 401 (2011); *State v. Hamilton*, 129 Idaho 938, 943, 935 P.2d 201, 206 (Ct. App. 1997). Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion. *State v. Straub*, 153 Idaho 882, 885, 292 P.3d 273, 276 (2013).

Here, the district court granted the state's request for restitution to the county prosecutor's office under I.C. § 37-2732(k) in the amount of $300. This amount was based on a written accounting of the time spent prosecuting Weaver, which was broken into categories

comprised of one or more tenths of an hour that totaled four hours at an hourly rate of $75.[1] This accounting was signed by the prosecutor assigned to Weaver's case certifying that the accounting was correct. At the hearing on Weaver's objection to the restitution order, Weaver challenged the accuracy of the time claimed by the prosecutor. However, Weaver only specifically challenged the time claimed for his first appearance, asserting that he spent less than thirty seconds at the defense table. In contrast, the time listed by the prosecutor for the first appearance was twelve minutes. In response, the state admitted that the four hours was an estimate. However, it argued that spending more time precisely tracking time spent on the case would actually inflate the amount, as doing so would only lead to the inclusion of additional times not currently accounted for and would, in itself, require more time to accomplish. The district court agreed with the state's assessment that more attorney time was involved than Weaver saw, including preparation time and time traveling to and from the courtroom, even for simple things like attending a first appearance.

We agree with the district court's conclusion. The state's certified accounting of the time it spent prosecuting the case, even if only an estimate, constitutes substantial evidence sufficient to support the district court's award of $300 to the county prosecutor's office. The accounting parsed the prosecutor's time amongst eleven listed tasks accompanied by a brief description of each task and, in many cases, a date on which the task occurred. There is little more that Weaver could reasonably expect as evidence in these circumstances. The state was not required to prove the time spent on Weaver's case beyond a reasonable doubt; only a preponderance of the evidence was required. Although Weaver questioned the accuracy of the state's accounting, he presented no evidence to undermine or contradict that accounting. Accordingly, Weaver has failed to show the district court abused its discretion by awarding $300 in restitution to the county prosecutor's office.

**B.      Discretion to Extend Payment Time**

Weaver also argues that the district court abused its discretion in denying his request to extend the time for payment of his restitution debt because the district court failed to recognize that the issue was a matter of discretion. The district court construed Weaver's request as an

---

[1]      The district court initially determined that the hourly rate of $75 was reasonable within the legal community. Weaver does not challenge this determination on appeal.

4

I.C.R. 35 motion for leniency and denied the request, concluding that the district court lacked jurisdiction to dictate how the clerk's office performed its statutory duty to collect debts.

Initially, we note that a criminal defendant may not seek relief from a restitution order through an I.C.R. 35 motion. *State v. Ferguson*, 138 Idaho 659, 661, 67 P.3d 1271, 1273 (Ct. App. 2002); *Bybee*, 115 Idaho at 542 n.1, 768 P.2d at 805 n.1. Instead, a defendant may, within forty-two days of the entry of the restitution order, appeal the order or request relief from the order in accordance with the Idaho Rules of Civil Procedure relating to relief from final orders. I.C. § 19-5304(10); *Bybee*, 115 Idaho at 542 n.1, 768 P.2d at 805 n.1. Thus, the district court erred in characterizing Weaver's request as a Rule 35 motion for leniency. However, the district court's characterization does not affect the challenge Weaver makes on appeal--namely, that the district court failed to recognize that it had discretion to extend the time for payment of Weaver's restitution debt. Because Weaver raised this issue during a hearing brought pursuant to I.C. § 19-5304(10), we will address it on appeal.

Idaho Code Section 37-2732(k) specifically provides that "the court may order restitution for costs incurred by law enforcement agencies in investigating the violation." The word "may" is permissive and denotes the right to exercise discretion. *Mosqueda*, 150 Idaho at 835, 252 P.3d at 568. Thus, the trial court has the discretion to deny all or part of the state's restitution request if, for example, it determines that the connection between the investigative costs and the conviction is tenuous or the costs are inflated or unreasonable. *Id.* Moreover, under the general restitution statute, the trial court also has discretion over whether to order restitution and in what amount. *Richmond*, 137 Idaho at 37, 43 P.3d at 796; *Bybee*, 115 Idaho at 543, 768 P.2d at 806.

However, this does not equate to discretion to dictate how the restitution order is executed upon by the victim--in this case, the county prosecutor's office--after entry of the restitution order.[2] Instead, I.C. § 19-5304 establishes the procedure through which the courts

---

[2]    We note, as did the district court, that the restitution permitted under I.C. § 37-2732(k) does not involve a "victim" in the traditional sense. However, this does not mean that the entities identified in the statute are not victims for purposes of the general restitution statute. The statute defines victim as "a person *or entity*, who suffers economic loss or injury as the result of the defendant's criminal conduct." I.C. § 19-5304(1)(e)(i) (emphasis added). The term economic loss includes "*direct out-of-pocket losses or expenses* . . . resulting from the criminal conduct." I.C. § 19-5304(1)(a) (emphasis added). Thus, the definition of victim under the general restitution statute is broad enough to encompass the law enforcement entities identified

order restitution regardless of whether a criminal is incarcerated or placed on probation. I.C. § 19-5304(5); *Straub*, 153 Idaho at 886, 292 P.3d at 277. The statutory language makes clear that a court's power to order restitution is limited to that provided by the statute. *Straub*, 153 Idaho at 887, 292 P.3d at 278. Under I.C. § 19-5304(4), a restitution order "shall be due and owing at the time of sentencing or at the date the amount of restitution is determined, whichever is later." This language prohibits the district court from dictating when a restitution judgment may be executed upon. The district court may delay entering a restitution order for a reasonable amount of time if that is deemed necessary. I.C. § 19-5304(6); *Ferguson*, 138 Idaho at 662, 67 P.3d at 1274. However, the district court does not have the discretion to dictate when or how the restitution order may be enforced after it is entered.[3] That function is specifically entrusted to the victim or the clerk of the district court. *See* I.C. §§ 19-5305(1) (restitution order may be recorded and executed upon as a civil judgment); 19-5305(2) ("The clerk of the district court may take action to collect on the order of restitution on behalf of the victim and . . . may use the procedures set forth in section 19-4708, Idaho Code, for the collection of the restitution."); 19-4708 (providing the procedure for collection of debts, all of which are directed to the clerks of the district court under the direction of the Idaho Supreme Court).

Weaver argues that, because the district court has discretion to dictate the payment schedule and amount of restitution required as a condition of probation and because I.C. § 37-2732(k) allows wider discretion than the general restitution statute, the district court may likewise dictate the payment schedule and amount of restitution required under I.C. § 37-2732(k) even when probation is not ordered. We disagree. A court may exercise wide discretion both in deciding whether to impose probation and in deciding if the terms and

---

in I.C. § 37-2732(k). Moreover, I.C. § 37-2732(k) has the practical effect of making the entities it identifies victims for the purpose of the restitution awards provided for in that statute.

[3]    The only exception to this is that the district court may direct payment of the restitution to the clerk of the district court for distribution to a victim in a manner the court deems just under I.C. § 19-5304(5). This does not mean that the district court may direct how or when the debt is collected by the clerk's office on behalf of the victim, just as it could not direct how or when the victim could directly enforce the judgment. *See State v. Cottrell*, 152 Idaho 387, 397, 271 P.3d 1243, 1253 (Ct. App. 2012) (noting that, under I.C. §§ 19-5304(2), (5) and 19-5305, a victim may enforce a restitution award like any civil judgment, outside and independent of the criminal court).

conditions of probation will include restitution payments. I.C. § 19-2601(2); I.C.R. 33(d)(1); *State v. Wagenius*, 99 Idaho 273, 279, 581 P.2d 319, 325 (1978); *State v. Cottrell*, 152 Idaho 387, 397, 271 P.3d 1243, 1253 (Ct. App. 2012). This includes establishing restitution installment payments and deadlines as a condition of probation. *See Cottrell*, 152 Idaho at 399, 271 P.3d at 1255. However, restitution orders under I.C. § 19-5304(2) are distinct from orders for victim's compensation that may be included as terms of probation under I.C. § 19-2601(2). *State v. Parker*, 143 Idaho 165, 168, 139 P.3d 767, 770 (Ct. App. 2006). The latter statute authorizes a trial court to place a defendant on probation under such terms and conditions as it deems necessary and expedient and is designed to give courts maximum flexibility to fashion the sentence most appropriate to the individual defendant. *State v. McCool*, 139 Idaho 804, 807, 87 P.3d 291, 294 (2004); *Wagenius*, 99 Idaho at 279, 581 P.2d at 325; *Parker*, 143 Idaho at 168, 139 P.3d at 770. The broad language of I.C. § 19-2601 does not include the limitations found in I.C. § 19-5304 for restitution orders. *Parker*, 143 Idaho at 168, 139 P.3d at 770. Thus, a court has wider discretion under I.C. § 19-2601(2) to order monetary compensation to victims as a condition of probation than it has under the general restitution statute. *Parker*, 143 Idaho at 168, 139 P.3d at 770.

As previously noted, we look to the general restitution statute for guidance in determining the nature of and procedure for restitution awards provided under I.C. § 37-2732(k). *Gomez*, 153 Idaho at 258, 281 P.3d at 95; *Mosqueda*, 150 Idaho at 833-34, 252 P.3d at 566-67. Thus, we conclude that the discretion afforded under I.C. § 37-2732(k) is likewise more limited in comparison to the wider discretion I.C. § 19-2601(2) provides. Moreover, a court's authority in awarding restitution under I.C. § 37-2732(k) is circumscribed by I.C. § 19-5304. *See Straub*, 153 Idaho at 887, 292 P.3d at 278. Idaho Code Section 19-5304 does not provide a court authority to dictate the means by which a restitution order may be collected, including extending time for payment, after the order is entered. Instead, that authority is statutorily entrusted to the clerk of the district court. As a result, the district court correctly determined that it did not have discretion to dictate the manner of collection by extending time for payment after the restitution order was entered; therefore, the district court did not abuse its discretion by denying Weaver's request on that basis.

## III.
## CONCLUSION

Weaver has failed to show that the district court abused its discretion either in the amount of restitution awarded or in its denial of Weaver's request for more time to pay his restitution debt. Accordingly, we affirm the district court's order of restitution entered following Weaver's guilty plea to possession of a controlled substance.

Chief Judge GUTIERREZ and Judge LANSING, **CONCUR.**