**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43241**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Opinion No. 24** |
| | ) | |
| **Plaintiff-Appellant,** | ) | **Filed: March 25, 2016** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **CAMERON DAVID HARER,** | ) | |
| | ) | |
| **Defendant-Respondent.** | ) | |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. David C. Nye, District Judge.

Order partially denying restitution, <u>reversed</u> and <u>case remanded</u>.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for appellant.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for respondent.

_____

GRATTON, Judge

The State appeals from the district court's order partially denying restitution. For the reasons set forth below, we reverse and remand.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The State charged Cameron David Harer with possession with intent to deliver a controlled substance, Idaho Code § 37-2732(a), and possession of a controlled substance, I.C. § 37-2732(c), with a second-offense enhancement, I.C. § 37-2739. Harer pled guilty to possession with intent to deliver, and the State dismissed the possession charge and the second-offense enhancement. At Harer's sentencing hearing the State moved, pursuant to I.C. § 37-2732(k), for $410 in restitution: $200 for lab costs and $210 for the prosecutor's time spent prosecuting both

1

charges.  The district court granted restitution in the amount of $200 for lab costs, but denied restitution for the $210 in prosecution costs.  The State timely appeals.

## II.

## ANALYSIS

The State claims the district court abused its discretion by requiring the State to demonstrate more than I.C. § 37-2732(k) requires in order to claim restitution for the costs of prosecution.  Specifically, first, the State contends that the district court improperly required the State to show "economic loss" beyond the prosecutor's regular salary.  Second, the district court required the State to demonstrate that the matter, although a drug case within the scope of I.C. § 37-2732(k), was "different than the standard criminal case."

The decision whether to order restitution, and in what amount, is within the discretion of a trial court, guided by consideration of the factors set forth in I.C. § 19-5304(7) and by the policy favoring full compensation to crime victims who suffer economic loss.  *State v. Weaver*, 158 Idaho 167, 170, 345 P.3d 226, 229 (Ct. App. 2014).  When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court:  (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) reached its decision by an exercise of reason.  *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

Idaho Code § 37-2732(k) provides, in relevant part:

> Upon conviction of a felony or misdemeanor violation under this chapter [Uniform Controlled Substances Act] . . . the court may order restitution for costs incurred by law enforcement agencies in investigating the violation.  Law enforcement agencies shall include, but not be limited to, the Idaho state police, county and city law enforcement agencies, the office of the attorney general and county and city prosecuting attorney offices.  Costs shall include, but not be limited to, those incurred for the purchase of evidence, travel and per diem for law enforcement officers and witnesses throughout the course of the investigation, hearings and trials, and any other investigative *or prosecution expenses actually incurred, including regular salaries of employees*.

(Emphasis added.)

In its written decision, the district court first correctly determined that I.C. § 37-2732(k) applies to this case and enables the court to award restitution for a prosecutor's salary related to time spent on the case.  Second, the district court, citing to *Weaver* and *State v. Cardoza*, 155

2

Idaho 889, 318 P.3d 658 (Ct. App. 2014), correctly noted that nothing in the statute demands such an award but, conversely, the statute leaves the matter to the discretion of the court. However, the district court refused to award any such costs, holding:

> The State has made no showing of economic loss. The deputy prosecutor's salary would have been paid whether or not work was done on this case. Instead, the County has simply provided the hourly rate and length of time incurred by the deputy prosecutor in doing her job on this case. This Court is not opposed to awarding costs of prosecution as restitution in appropriate cases and under appropriate facts and circumstances. However, this is a routine drug case where law enforcement officers have not even sought restitution for costs of investigation. The only restitution sought besides the prosecuting attorney's fees is the $200 cost of lab work and that cost has been awarded. Additionally, the Court ordered the Defendant to pay a $1,000 fine and to repay the costs of his public defender in the amount of $750.
>
> Costs such as jury costs, prosecuting costs, witness expenses, and the like are part of the general expense of maintaining the system of courts and the administration of justice and are more properly the ordinary burden of government rather than the defense. Those costs should be borne by the government in the usual and ordinary cases. However, the Idaho Legislature has allowed courts to consider having the defendant bear those costs in drug cases. If the Legislature had wanted the costs of prosecution to be awarded in every drug case, the Legislature could have made the award of costs mandatory rather than discretionary. In this case, the Court sees no reason as to why the case should be treated any differently than most criminal cases. The State made no attempt to show why this case is any different than the standard criminal case. The request for restitution for the costs of prosecution relating to the Deputy County Prosecutor's salary is denied.

The State asserts that the district court abused its discretion by requiring the State to show economic loss beyond that expressly provided in I.C. § 37-2732(k), namely the prosecutor's regular salary for time spent on the case. The State points out that the district court found that the State "provided the hourly rate and length of time incurred by the deputy prosecutor in doing her job on this case." The State argues that it, thus, provided all that can be required under the statute, and therefore, the district court's contrary holding that "[t]he State has made no showing of economic loss" is erroneous and engrafts onto the statute more than it requires. We agree.

We have previously held that because I.C. § 37-2732(k) is short on specific guidance regarding the nature of a restitution award or the procedure to obtain such an award, we are guided by the general restitution statute, I.C. § 19-5304. *Weaver*, 158 Idaho at 170, 345 P.3d at 229; *State v. Gomez*, 153 Idaho 253, 258, 281 P.3d 90, 95 (2012). Idaho Code § 19-5304(7) states:

3

The court, in determining whether to order restitution and the amount of such restitution, shall consider [1] the amount of economic loss sustained by the victim as a result of the offense, [2] the financial resources, needs and earning ability of the defendant, and [3] such other factors as the court deems appropriate.

After noting the above references to I.C. § 19-5304, the district court held that the State had failed to demonstrate economic loss. It seems apparent that the district court borrowed notions of "economic loss" from I.C. § 19-5304. However, while it is appropriate to look to I.C. § 19-5304 for guidance as to the nature of a restitution award and procedure to obtain an award, since I.C. § 37-2732(k) identifies, in this instance, the recoverable economic loss, a trial court need not look to general principles under I.C. § 19-5304.

Idaho Code § 37-2732(k) specifies certain economic losses for which restitution may be awarded.[1] Applicable here, the trial court may award restitution for the prosecutor's regular salary for time spent on the case. That is the economic loss. In *Weaver*, we noted that while the definition of victim under I.C. § 19-5304 is broad enough to encompass the law enforcement entities identified in I.C. § 37-2732(k), that statute itself makes the entities it identifies victims for the purpose of the restitution awards provided for in that statute. *Weaver*, 158 Idaho at 171 n.2, 345 P.3d at 230 n.2. Similarly, while principles of economic loss under I.C. § 19-5304 may apply to define some of the potentially recoverable costs under I.C. § 37-2732(k), the statute's specific reference to the prosecutor's general salary identifies the economic loss at issue in this case.

Idaho Code § 19-5304(1)(a) defines economic loss, in part, as "direct out-of-pocket losses or expenses." As noted, the district court stated, "The State has made no showing of economic loss. The deputy prosecutor's salary would have been paid whether or not work was done on this case." Thus, it appears that the district court, in part, denied restitution for prosecution costs because it found the prosecutor's salary for her time spent prosecuting the case was not a direct out-of-pocket loss or expense of the prosecutor's office, and therefore, it was not an economic loss. Aside from I.C. § 37-2732(k) defining the prosecutor's salary as an economic loss, applying the economic loss definition in I.C. § 19-5304(1)(a) to I.C. § 37-2732(k), as the district court did, effectively nullifies the plain language of I.C. § 37-2732(k). In other words, if the definition of economic loss in I.C. § 19-5304(1)(a) applies, and if the prosecutor's general

---

[1] Although I.C. § 37-2732(k) describes certain economic losses, those losses are not exclusive as the recoverable costs "shall include, but not be limited to," the identified list.

4

salary is, by definition, not a direct out-of-pocket expense because it "would have been paid whether or not work was done on this case," it could never be awarded in restitution. While the district court stated that it would award a prosecutor's salary in appropriate cases, it could effectively not do so in any case under its application of I.C. § 19-5304(1)(a). By failing to recognize that the prosecutor's salary is the economic loss specified by the legislature, the district court's decision is not consistent with the legal standards applicable to the restitution decision.

That is not to say that because an economic loss has been established that it must be awarded. However, the trial court must first recognize the economic loss before it can exercise its discretion as to whether or how much to award. As noted in *Weaver*, the trial court has discretion to deny all or part of the restitution request for an economic loss. *Weaver*, 158 Idaho at 171, 345 P.3d at 230. In that regard, the trial court should look to I.C. § 19-5304(7) and consider the amount of economic loss sustained by the victim as a result of the offense,[2] the financial resources, needs and earning ability of the defendant, and such other factors as the court deems appropriate.[3] In addition, in *State v. Mosqueda*, 150 Idaho 830, 835, 252 P.3d 563, 568 (Ct. App. 2010), we held that if the connection between the costs claimed and the conviction is tenuous or the amounts sought are inflated or unreasonably incurred, the trial court can deny all or part of the request. In this case, however, the district court could not exercise its discretion as

---

[2] In this case, Harer claims that certain time spent by the prosecutor was not a result of the offense for which he was convicted. He asserts that some of the prosecutor's requested time was spent on a dismissed charge, unrelated to the offense of conviction. Harer contends that while it may be appropriate for the court to award restitution for costs unrelated to the offense of conviction if specifically agreed to by a defendant, he did not do so here. *See* Idaho Code § 19-5304(9) ("The court may, *with the consent of the parties*, order restitution . . . for crimes which are not adjudicated or are not before the court.") (emphasis added). Harer argues that this Court can affirm or partially affirm on this basis; however, we need not resolve this issue as the district court may consider it on remand.

[3] Harer argues that the district court did not abuse its discretion because it did consider appropriate factors, such as the facts that law enforcement officers had not sought restitution for investigative costs and the district court had already awarded lab and public defender costs and ordered payment of a $1000 fine. While these and other circumstances may be appropriately considered in the exercise of discretion, as noted above, the district court incorrectly perceived the scope of its discretion by misinterpreting the statute it was applying. *See State v. Anderson*, 152 Idaho 21, 22-23, 266 P.3d 496, 497-98 (Ct. App. 2011).

to the award without first recognizing the prosecutor's general salary for time spent on this case as an economic loss for which restitution may be requested.

The State also claims that the district court abused its discretion by requiring the State to "show why this case is any different than the standard criminal case." More particularly, the State contends that the district court added an element not found in the statute or, alternatively, judicially excluded a category of cases from the reach of the statute. We agree. In effect, the district court excluded from the reach of the statute those cases that the district court considers "routine," and thereby limited the statute to extraordinary cases. The district court stated its policy belief that prosecuting and other costs (1) are part of the general expense of maintaining the system of courts and the administration of justice, (2) are more properly the ordinary burden of government rather than the defense, and (3) should be borne by the government in the usual and ordinary cases. While the district court correctly noted that the legislature did not make an award of prosecution costs mandatory in every case, that does not justify the court judicially excluding a category of cases ("usual and ordinary" or "routine") from consideration.[4] Nothing in the statutory language suggests that the legislature meant to restrict restitution to only extraordinary cases. In the same vein, the trial court cannot impose a threshold burden of proof upon the State to demonstrate that a case is "different than the standard criminal case." In so doing, the district court's decision was not consistent with the legal standards applicable to the restitution decision.

### III.
### CONCLUSION

The district court erroneously required the State to show Harer's case was "different than the standard criminal case," and applied the economic loss definition in I.C. § 19-5304(1)(a) to the prosecution costs in this case. The district court's order denying restitution is reversed and the case is remanded for proceedings consistent with this opinion.

Chief Judge MELANSON and Judge GUTIERREZ **CONCUR**.

---

[4] In an appropriate circumstance, the trial court may consider the complexity of the case and course of proceedings as a factor in the restitution decision, but not to the point of exclusion of a category of cases from consideration.