**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44257**

| | |
|---|---|
| STATE OF IDAHO, | ) 2017 Opinion No. 21 |
| | ) |
| Plaintiff-Respondent, | ) Filed: March 17, 2017 |
| | ) |
| v. | ) Stephen W. Kenyon, Clerk |
| | ) |
| HARLEY GOMEZ, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Melissa Moody, District Judge.

Order denying motion to dismiss, <u>reversed</u> and <u>case remanded</u>.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Harley Gomez appeals from the district court's order denying his motion to dismiss. We reverse the order and remand the case for further proceedings consistent with this opinion.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Gomez pled guilty to felony grand theft, Idaho Code §§ 18-2403(1), 18-2407(1)(b). The district court withheld judgment and placed Gomez on probation for five years. One of the terms of Gomez's probation was that he "shall be a law-abiding citizen and shall commit no misdemeanors or felonies."

During the probationary period, Gomez pled guilty to misdemeanor disturbing the peace, I.C. § 18-6409, in another county. The prosecutor was not advised of the disturbing the peace conviction and, therefore, did not file a probation violation charge in the present case. After the

1

probationary period expired, Gomez filed a motion to dismiss the withheld judgment, pursuant to I.C. § 19-2604(1), stating: "The probationary period has expired, and the terms and conditions of probation imposed by the Court have been fulfilled." The State objected, pointing out Gomez's misdemeanor conviction. The district court denied Gomez's motion to dismiss "[f]or the reasons set forth in the State's objection." Gomez timely appeals.

## II.

## ANALYSIS

Gomez asserts the district court did not properly apply the plain language of I.C. § 19-2604(1). This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction because an ambiguity exists, it has the duty to ascertain the legislative intent and give effect to that intent. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001). To ascertain such intent, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute, and its legislative history. *Id.* It is incumbent upon a court to give an ambiguous statute an interpretation which will not render it a nullity. *Id.* Constructions of an ambiguous statute that would lead to an absurd result are disfavored. *State v. Doe*, 140 Idaho 271, 275, 92 P.3d 521, 525 (2004). "Statutes and ordinances should be construed so that effect is given to their provisions, and no part is rendered superfluous or insignificant." *State v. Neal*, 159 Idaho 439, 445, 362 P.3d 514, 520 (2015) (quoting *Friends of Farm to Mkt. v. Valley Cnty.*, 137 Idaho 192, 197, 46 P.3d 9, 14 (2002)).

As relevant here, I.C. § 19-2604 reads:

> (1)(a) Application for relief under this subsection may be made by the following persons who have pled guilty to or been found guilty of a crime:
>> (i) A defendant whose sentence has been suspended or who has received a withheld judgment;

2

. . . .

(1)(b) Upon application of the defendant and upon satisfactory showing that:

(i) The court did not find, and the defendant did not admit, in any probation violation proceeding that the defendant violated any of the terms or conditions of any probation that may have been imposed;

. . . .

the court, if convinced by the showing made that there is no longer cause for continuing the period of probation should the defendant be on probation at the time of the application, and that there is good cause for granting the requested relief, may terminate the sentence or set aside the plea of guilty or conviction of the defendant, and finally dismiss the case and discharge the defendant or may amend the judgment of conviction from a term in the custody of the state board of correction to "confinement in a penal facility" for the number of days served prior to sentencing, and the amended judgment may be deemed to be a misdemeanor conviction.

Gomez and the State agree that Gomez was eligible to apply for relief, pursuant to I.C. § 19-2604(1)(a)(i), because he had received a withheld judgment. Further, Gomez and the State agree that Gomez made a satisfactory showing of qualification for relief, pursuant to I.C. § 19-2604(1)(b)(i), because the district court did not find, and he did not admit, in any probation violation proceeding that he violated any of the terms or conditions of his probation. This case turns on the last clause of the statute quoted above which describes the determination the district court must make once the necessary showings for eligibility and qualification for relief have been made.

The last clause of the quoted portion of the statute begins with "the court, if convinced by the showing made . . . ." I.C. § 19-2604(1)(b). Gomez argues that the "showing made" refers exclusively to the "satisfactory showing" required in I.C. § 19-2604(1)(b)(i) for qualification for relief. In other words, the only "showing" that the court may consider in regard to the last clause is the satisfactory showing that the applicant qualifies for relief because "[t]he court did not find, and the defendant did not admit, in any probation violation proceeding that the defendant violated any of the terms or conditions of any probation that may have been imposed . . . ." I.C. § 19-2604(1)(b)(i). Thus, in this case, the district court could not consider the State's showing that Gomez was convicted of disturbing the peace because it was outside and irrelevant to the I.C. § 19-2604(1)(b)(i) showing. In effect, Gomez argues that once he satisfactorily made the I.C. § 19-2604(1)(b)(i) showing, he was entitled to one of the forms of relief set out in the last clause.

3

On the other hand, the State argues, first, that nothing in the use of the term "showing made" in the last clause quoted above limits that showing to the "satisfactory showing" of qualification for relief under I.C. § 19-2604(1)(b)(i). Second, the State points out that in the last clause the court must be "convinced by the showing made," not that Gomez was qualified for relief, but "that there is no longer cause for continuing the period of probation should the defendant be on probation at the time of the application, and that there is good cause for granting the requested relief . . . ." I.C. § 19-2604(1)(b). If the court is to make these "cause" determinations, it simply cannot be limited to the showing of qualification for relief under I.C. § 19-2604(1)(b)(i). If the satisfactory showing of qualification for relief under I.C. § 19-2604(1)(b)(i) automatically entitles the applicant to some relief, then there is nothing for the court to be "convinced" of and no need for any "cause" determinations. These words in the statute would be meaningless and superfluous. Finally, the State notes that the language of the last clause provides that once the court is "convinced" and makes the necessary cause finding, the court "may"[1] grant one of the forms of relief thereafter described. Thus, the court retains discretion about whether or not to grant relief, which would effectively be taken away if the court could only consider the "satisfactory showing" of qualification for relief under I.C. § 19-2604(1)(b)(i).

We certainly understand Gomez's argument that the "showing made" language in the last clause, at least by virtue of its proximity in the statute to the "satisfactory showing" language in I.C. § 19-2604(1)(b)(i), intends the same showing. However, a statute is not rendered ambiguous simply because a reading of the statute in more than one way is possible. *See State v. McKean*, 159 Idaho 75, 80, 356 P.3d 368, 373 (2015) ("[A]mbiguity is not established merely because different possible interpretations are presented to a court. If this were the case then all statutes that are the subject of litigation could be considered ambiguous. . . . a statute is not ambiguous merely because an astute mind can devise more than one interpretation of it." (quoting *Farmers Nat'l Bank v. Green River Dairy, LLC*, 155 Idaho 853, 856, 318 P.3d 622, 625 (2014))); *State v. Browning*, 123 Idaho 748, 750, 852 P.2d 500, 502 (Ct. App. 1993) (same). First, nothing in the express language of the statute limits the showing to be made in the various sections of the

---

[1] The word "may" is permissive and denotes the right to exercise discretion. *State v. Weaver*, 158 Idaho 167, 171, 345 P.3d 226, 230 (Ct. App. 2014).

statute to the showing necessary for qualification for relief under I.C. § 19-2604(1)(b)(i). Second, if the "showing made" refers and is limited to the applicant's I.C. § 19-2604(1)(b)(i) showing, the requirement that the district court must determine whether there is no longer cause to continue probation and there is good cause for granting the requested relief is rendered superfluous. The court need not make any cause determinations if the defendant's satisfactory showing automatically makes those determinations for the court. Moreover, if a defendant's I.C. § 19-2604(1)(b)(i) showing requires the court to grant relief, the legislature's use of the word "may" before describing the available relief is nullified. If the legislature had intended to make relief mandatory upon showing of qualification for relief under I.C. § 19-2604(1)(b)(i), the legislature would have, in the last clause, simply mandated that the court shall grant one of the available forms of relief. Accordingly, the court is not limited in the showing that may be made in order to determine cause to grant relief.

As noted, I.C. § 19-2604(1)(b) requires that the district court must determine whether there is no longer cause to continue probation (should the applicant be on probation) and there is good cause for granting the requested relief. However, the district court did not make any such determinations. The court merely denied Gomez's motion to dismiss "[f]or the reasons set forth in the State's objection." We have reviewed the State's objection, and it is not clear whether the district court erroneously determined Gomez failed to make a satisfactory showing or that there was cause to continue probation or no good cause for granting the requested relief. Therefore, we reverse the district court's order denying Gomez's motion to dismiss and remand the case to the district court to make such a determination.

## III.

## CONCLUSION

In determining whether to grant relief, the district court is not limited to considering only the showing made in satisfaction of I.C. § 19-2604(1)(b). However, the district court here did not make the determinations necessary to grant or deny relief. The court's order denying Gomez's motion to dismiss is reversed and the case is remanded for further proceedings consistent with this opinion.

Judge GUTIERREZ and Judge MELANSON **CONCUR**.

5