**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46264**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed:  August 9, 2019** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| AMANDA NICOLE BOLTON, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County.  Hon. Robert C. Naftz, District Judge.

Judgment of conviction ordering restitution, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Jenevieve C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for respondent.

_____

BRAILSFORD, Judge

Amanda Nicole Bolton appeals from the district court's judgment of conviction ordering her to pay restitution.  We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Bolton pled guilty to felony possession of methamphetamine in violation of Idaho Code § 37-2732(c)(1).  Before sentencing, the State requested restitution for a laboratory analysis in the amount of $100.00 and for costs incurred to prosecute Bolton's case.  In support of this latter request, the State submitted a sworn affidavit setting forth itemized entries for each task performed, the time incurred performing each task, and a "locally accepted rate" of $75.00.  This affidavit certified that the itemized entries were accurate, the tasks were performed, the costs were incurred, and the total prosecution cost was $277.50.

1

In response and before the sentencing hearing, Bolton filed a written objection to the State's request for prosecution costs. This objection generally stated Bolton "meets the statutory definition of indigent" and "lacks sufficient funds to pay for necessary expenses of representation." Further, the objection stated the district court should consider "other fines . . . to be imposed," Bolton's ability to pay, and "the resources available to the State."

At the sentencing hearing, the district court generally referenced the State's request for $377.50 in restitution, but it did not expressly acknowledge Bolton's written objection. At the conclusion of the hearing, the district court ordered restitution in the amount of $229.50, explaining this amount included $100.00 for the laboratory analysis and $129.50 for prosecution costs. In other words, the district court reduced the State's requested $277.50 for prosecution costs by $148.00 to award $129.50 in prosecution costs. The district court offered no reason for this reduction, and neither Bolton nor the State objected to this award or otherwise inquired about it at the hearing. On appeal, Bolton challenges only the district court's restitution award of $129.50 for prosecution costs.[1]

## II.

## ANALYSIS

The district court may order restitution for prosecution costs actually incurred upon a conviction for an offense involving a controlled substance under the Uniform Controlled Substances Act, Title 37, Chapter 27 of the Idaho Code. I.C. § 37-2732(k). Restitution under I.C. § 37-2732(k) is discretionary. *State v. Cunningham*, 161 Idaho 698, 700, 390 P.3d 424, 426 (2017). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

Idaho Code § 19-5304 provides the district court with guidance when awarding restitution under I.C. § 37-2732(k). *State v. Harer*, 160 Idaho 98, 101, 369 P.3d 316, 319 (Ct. App. 2016). Section 19-5304(7) provides:

---

[1] Bolton did not object to the State's request for $100.00 for a laboratory analysis. As a result, she concedes she is unable to challenge this portion of the award on appeal.

The court, in determining whether to order restitution and the amount of such restitution, shall consider the amount of economic loss sustained by the victim as a result of the offense, the financial resources, needs and earning ability of the defendant, and such other factors as the court deems appropriate. The immediate inability to pay restitution by a defendant shall not be, in and of itself, a reason to not order restitution.

Bolton's only challenge to the district court's restitution award of $129.50 for prosecution costs is her contention that the district court did not consider her inability to pay restitution. Specifically, Bolton argues "the district court did not give sufficient weight to her financial resources, needs, and earning ability." In support, Bolton notes she is "indigent" and "concerned about having enough money to meet her financial needs." She describes these financial needs as outstanding medical bills, court fines, and a loan from her parents.

In response, the State asserts two procedural arguments. First, the State argues no adverse ruling for appellate review exists because "the district court ruled favorably on Bolton's objection." Second, the State argues Bolton failed to preserve her challenge to the district court's restitution award of $129.50 because Bolton did not object to the award either at the hearing or later in writing.

Neither of the State's procedural arguments persuades us. Bolton specifically objected to the State's restitution request in writing. Having made her position known to the court before the hearing, Bolton did not need to repeat her objection at the hearing, file another objection after the hearing, or request a reduction of the award as the State suggests. *Cf. State v. Wood*, 126 Idaho 241, 243, 880 P.2d 771, 773 (Ct. App. 1994) (ruling reiteration of objection to evidence at trial unnecessary after denial of pretrial motion in limine); *see also Lassell v. Special Prods. Co.*, 106 Idaho 170, 173, 677 P.2d 483, 486 (1983) ("Normally, if a party makes his position known to the court he need not repeat his objection when the court takes contrary action."). Further, we disagree that the district court's restitution order is not an adverse ruling for appellate review. Bolton objected to the State's request for prosecution costs in its entirety. As a result, Bolton suffered an adverse ruling when the district court awarded a portion of those costs.

The State also argues, however, that Bolton's challenge fails on the merits. We agree. While Bolton procedurally preserved her appellate challenge, that challenge is without merit. Bolton did not present evidence or argument at the hearing to show her inability to pay restitution. Regardless, Bolton's presentence investigation report (PSI) indicates both that Bolton is capable of holding steady employment and that she is concerned about meeting her

3

financial obligations including her medical bills, court fines, and a loan from her parents. The appellate record indicates the district court was familiar with and considered Bolton's PSI before ordering restitution. Further, although the district court did not expressly mention Bolton's ability or inability to pay restitution, its reduction of the State's otherwise modest request for prosecution costs by more than one-half suggests the district court did consider Bolton's inability to pay. Based on these facts and that a defendant's "immediate inability to pay restitution . . . shall not be, in and of itself, a reason not to order restitution," I.C. § 19-5304(7), we are not persuaded the district court abused its discretion. *See State v. Olpin*, 140 Idaho 377, 380, 93 P.3d 708, 711 (Ct. App. 2004) (affirming restitution award despite court's failure to expressly consider defendant's financial situation where PSI contained that information).

## III.

## CONCLUSION

The district court did not abuse its discretion when awarding the State $129.50 in restitution for prosecution costs. Accordingly, we affirm Bolton's judgment of conviction ordering her to pay restitution.

Chief Judge GRATTON and Judge LORELLO **CONCUR**.

4