# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51398

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: May 21, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| DEANNE RACHELLE WAGY, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Ronald J. Wilper, Senior District Judge.

Order denying motion to dismiss withheld judgment, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Chief Judge

Deanne Rachelle Wagy appeals from the district court's order denying the motion to dismiss her withheld judgment. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Wagy pled guilty to felony possession of a controlled substance (methamphetamine), Idaho Code § 37-2732(c)(1), and entered an *Alford*[1] plea to felony possession of marijuana (possessing more than three ounces), I.C. § 37-2732(e). The district court withheld judgment and placed Wagy on probation for a period of three years. Among other terms and conditions of probation, the district court ordered Wagy to pay $285.50 in court costs and fees for each count, to pay a fine of $750 for each count, to reimburse Canyon County $350 for the cost of her legal representation, to

---

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

pay a monthly supervision fee as set by the supervising officer, and to complete 100 hours of community service.

Wagy filed a motion to dismiss the withheld judgment requesting a hearing and indicating that she would complete all the terms of her probation by the hearing date. Wagy provided no supporting evidence or documentation. The State noted that Wagy still had an outstanding balance on her obligations in excess of $2,000. The motion was ultimately withdrawn at a subsequent hearing to give Wagy additional time to finish paying her outstanding financial obligations and to complete the community service. The district court continued the hearing for one month.

At the subsequent hearing, Wagy acknowledged that there were still fines and costs to be paid. The district court noted that the motion had been filed without any supporting affidavit and that the community service requirement had not been satisfied. The district court indicated that Wagy could renew her motion and show compliance through an affidavit or evidence in the record.

Eighteen months later, Wagy filed another motion to dismiss the withheld judgment. Again, Wagy did not support the motion with an affidavit or documentation. Instead, Wagy's counsel represented at the hearing that Wagy had paid all her financial obligations, that the probationary period had expired, and there had been no probation violations. The State again noted the lack of evidence to support the motion. Wagy's counsel responded that she had reviewed iCourt and no money was shown as owing, but did not address whether Wagy had completed community service. After noting the lack of documentation supporting the motion, the district court addressed Wagy regarding the community service and Wagy acknowledged that she had not completed the requirement. The district court indicated that it was not inclined to grant the motion as Wagy had not fully satisfied the terms and conditions of probation. The district court stated that until those conditions were satisfied it could not "make a factual finding that you at all times complied with the terms of your probation" because of the lack of documentation as to the financial obligations and failure to complete community service. Wagy appeals.

## II.

## STANDARD OF REVIEW

The district court's decision to grant or deny relief under I.C. § 19-2604(1), including dismissing the case, is reviewed for an abuse of discretion. *State v. Dieter*, 153 Idaho 730, 733, 291 P.3d 413, 416 (2012). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly

perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Wagy claims the district court erred in denying her motion to dismiss her withheld judgment because the district court did not act consistently with the applicable legal standards. Specifically, Wagy claims that the court relied on an outdated version of I.C. § 19-2604(1) instead of the current version when the court denied the motion because it could not find that Wagy had at all times complied with the terms of the probation. Wagy also claims the district court failed to exercise reason by not determining whether good cause existed under the current version of the statute and because good cause existed to grant dismissal.

The pre-2011 version of I.C. § 19-2604(1) provided for dismissal under the following circumstances: "If sentence has been imposed but suspended, or if sentence has been withheld, upon application of the defendant and upon satisfactory showing that the defendant has at all times complied with the terms and conditions upon which he was placed on probation." As relevant here, the current version of I.C. § 19-2604(1) provides:

> (1)(a)  Application for relief under this subsection may be made by the following persons who have pled guilty to or been found guilty of a crime:
>
> > (i)  A defendant whose sentence has been suspended or who has received a withheld judgment;
> >
> > . . . .
>
> (b)  Upon application of the defendant and upon satisfactory showing that:
>
> > (i)  The court did not find, and the defendant did not admit, in any probation violation proceeding that the defendant violated any of the terms or conditions of any probation that may have been imposed;
> >
> > . . . .
>
> the court, if convinced by the showing made that there is no longer cause for continuing the period of probation should the defendant be on probation at the time of the application, and that there is good cause for granting the requested relief, may terminate the sentence or set aside the plea of guilty or conviction of the defendant, and finally dismiss the case and discharge the defendant.

I.C. § 19-2604(1).

Wagy argues "[i]t appears that the district court applied the old standard set forth in Idaho Code section 19-2604," before it was amended in 2011, which required defendants to show they

3

at all times complied with probation. Wagy points to the district court's statement that the court could not "make a factual finding that you at all times complied with the terms of your probation" because of the lack of documentation as to the financial obligations and failure to complete community service as evidence that the court relied on the wrong legal standard. According to Wagy, the district court should have inquired instead as to "whether she completed her probationary term without the district court finding or her admitting to a violation of the terms or conditions of her probation as part of a probation violation proceeding," consistent with the current language in I.C. § 19-2604(1).

The State argues that while the district court made the statement regarding complying with the terms of probation, this was a single reference in the transcript, which alone does not show the court was relying on the old version of the statute. The State argues that a court retains broad discretion to consider all relevant factors in determining whether good cause is shown, including whether the terms and conditions of probation have been satisfied. Further, the State points out that the district court found that Wagy conceded failure to comply with the terms of probation and failed to support her motion with any evidence, which weighed against a finding of good cause to dismiss the withheld judgment. We agree.

As an initial matter, Wagy did not submit evidence by way of affidavit or from the record that she had not been accused of or found to have violated her probation. The district court indicated that while the court would like to grant the motion, there was no evidence that Wagy "completed everything satisfactorily and were never accused of violating your probation and the Court never found you violated your probation." Consequently, Wagy failed to provide evidence that she satisfied the current version of the statute, namely, having never been accused of or found to have violated probation. Unsworn oral or written representations, even those of an officer of the court, are not evidence. *State v. Nelson*, 161 Idaho 692, 696, 390 P.3d 418, 422 (2017). Nonetheless, under the terms of the statute, the determination that a defendant has not been accused of or violated her probation is only a prerequisite finding before engaging in the determination of whether good cause for dismissal has been shown.

The district court was within its discretion to require evidence of satisfaction of the terms of probation in finding good cause. In determining whether to grant relief, the district court is not limited to considering only the showing made in satisfaction of I.C. § 19-2604(1)(b). *State v. Gomez*, 161 Idaho 873, 876, 392 P.3d 525, 528 (Ct. App. 2017). In conducting a good cause

inquiry, the court is not limited to asking whether there were any formal probation violations but may consider a defendant's entire performance on probation to assess good cause for dismissal. In this instance, the district court denied relief because Wagy failed to present evidence or a record that she had satisfied her financial obligations, and she admittedly had not completed the community service requirement.[2]

Relative to Wagy's first motion to dismiss, the district court informed Wagy that she could refile the motion with evidence of compliance with the terms and conditions of probation. Upon refiling, Wagy again failed to provide evidence of satisfaction of her financial obligations and acknowledged failure to complete the community service obligation. While the court again indicated that Wagy could refile the motion, Wagy instead appealed. The district court was not required to dismiss the withheld judgment merely upon a showing that no probation violation had been accused or found, and the probationary term had expired. The court has broad discretion to consider the record and any evidence relative to performance of probation in making its decision. The district court consistently made known to Wagy that evidence of satisfactory performance of all the terms and conditions of probation was required before the court would "be inclined" to grant the motion. In fact, at sentencing, the district court told Wagy that getting "a withheld judgment on two felonies is a big deal," and, as such, Wagy needed to "absolutely comply with the terms and conditions of probation." The district court did not abuse its discretion by denying Wagy's motion to dismiss her withheld judgment.

## IV.

## CONCLUSION

Wagy has failed to demonstrate that the district court abused its discretion in denying her motion to dismiss the withheld judgment. Therefore, the order of the district court denying Wagy's motion to dismiss her withheld judgment is affirmed.

Judge HUSKEY and Judge LORELLO **CONCUR**.

---

[2] The Court notes that the community service was mandated by statute. Idaho Code § 37-2738(5) provides that, "when granted a probationary period of any sort whatsoever," controlled-substance offenders "*shall* . . . be required by the court to complete a period of not less than one hundred (100) hours of community service work." (Emphasis added.)

5