**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51154**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: July 1, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| SUZANNE MARIE McNEIL, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Judgment for restitution, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Amy J. Lavin, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Suzanne Marie McNeil appeals from her judgment for restitution. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Law enforcement observed a vehicle parked in a parking lot; ran a records check; and discovered the vehicle belonged to McNeil, who had two active arrest warrants. Law enforcement arrested McNeil and, during the arrest, observed a marijuana dispensary container and a small plastic bag with a substance that later tested positive for methamphetamine. The State charged McNeil with possession of methamphetamine (I.C. § 37-2732(c)(1)), possession of marijuana (I.C. § 37-2732(c)(3)), possession of drug paraphernalia (I.C. § 37-2734A(1)), and resisting and/or delaying an officer (I.C. § 18-705).

1

The case proceeded to a jury trial at which the jury found McNeil guilty of all charges. At sentencing, the district court ordered McNeil to pay $300 in restitution for law enforcement costs. McNeil appeals.

## II.

## STANDARD OF REVIEW

Restitution for costs incurred by law enforcement agencies in cases involving a conviction for a drug offense is discretionary. I.C. § 37-2732(k); *State v. Nelson*, 161 Idaho 692, 695, 390 P.3d 418, 421 (2017). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

McNeil argues the district court abused its discretion when it ordered her to pay $300 in restitution for forensic testing. Specifically, McNeil asserts the district court did not give sufficient weight to her inability to pay due to her physical health and fixed income. The State responds that McNeil's argument is without merit because the district court properly considered her earning ability before deciding that she had the capacity to pay restitution over time. We hold that McNeil has failed to show the district court abused its discretion in ordering her to pay $300 in restitution.

Idaho Code Section 37-2732(k) authorizes restitution for costs incurred by law enforcement agencies in cases involving a conviction for a drug offense. Whether to award restitution and in what amount is a question of fact for the district court whose findings will not be disturbed if supported by substantial evidence. *State v. Weaver*, 158 Idaho 167, 170, 345 P.3d 226, 229 (Ct. App. 2014).

The record reflects that the district court recognized its discretion to impose restitution under I.C. § 37-2732(k). McNeil does not contend that $300 was ineligible for a restitution award but, instead, argues that the district court should have given more weight to her limited ability to pay, citing her physical health and fixed income. The district court recognized McNeil is "on

2

limited income" but concluded that a payment plan requiring a little more than $8 per month was not "particularly onerous" and was reasonable given the $300 in restitution represented "costs [McNeil] caused." The district court also noted that McNeil would have "a substantial period of time to pay" the restitution award. These statements demonstrate that the district court weighed McNeil's financial limitations and found the extended payment period to be manageable. The district court considered the relevant circumstances, applied the correct legal standard, and reached its decision through an exercise of reason. McNeil has failed to show that the district court abused its discretion in ordering restitution.

## IV.
## CONCLUSION

McNeil has failed to show that the district court abused its discretion when it ordered her to pay $300 in restitution. The judgment for restitution is affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.