## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 44177

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **Boise, December 2016 Term** |
| Plaintiff-Respondent, | ) | |
| | ) | **2017 Opinion No. 20** |
| v. | ) | |
| | ) | **Filed: February 27, 2017** |
| JAMIE LEE NELSON aka RINEHART, | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

District court award of restitution, <u>vacated.</u>

Eric D. Fredericksen, State Appellate Public Defender, Boise, for appellant. Brian R. Dickson, Deputy State Appellate Public Defender argued.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

_____

BURDICK, Chief Justice

Jamie Nelson appeals the Ada County district court's award of restitution entered under Idaho Code section 37-2732(k). The Idaho Court of Appeals vacated the restitution award, and we granted the State's timely petition for review. Because we conclude the State failed to support its request for restitution with sufficient evidence, we vacate the restitution award.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In June 2012, Nelson and her husband were charged with (1) possession of a controlled substance and paraphernalia; and (2) injury to child. They stood trial together. The first trial ended in a mistrial after the State presented evidence the district court had ordered inadmissible. A second trial was held in September 2012, and Nelson and her husband were both convicted of the drug-related charges but acquitted of the injury to child charges.

At Nelson's sentencing hearing, the State sought to recoup its prosecution costs under Idaho Code section 37-2732(k) and requested $4,746. That amount reflects 33.9 hours of work

1

billed at $140 per hour. Although a restitution hearing was never held, the district court awarded $2,535 under Idaho Code section 37-2732(k). The award reflects 39 hours[1] of work billed at $65 per hour. The district court declined to base the award on the State's request for $140 per hour, reasoning instead that $65 per hour was reasonable. Nelson appealed, and the State conceded it had not presented sufficient evidence to support the restitution award. *State v. Nelson*, No. 40493, 2014 WL 708467, at *3–4 (Ct. App. Feb. 21, 2014). The Court of Appeals vacated the award and remanded the case for a restitution hearing. *Id.*

On remand, the district court held a restitution hearing and permitted the parties to submit written arguments. The State submitted an unsworn written statement, entitled "Statement of Costs and Request for Restitution in a Drug Case" (Statement of Costs), as evidence of its prosecution costs.[2] Again, the State requested $4,746. Nelson objected that the State's award (1) would punish her for exercising her Sixth Amendment rights to stand trial and present a defense under the U.S. Constitution; (2) did not demonstrate that costs for the mistrial were excluded; (3) did not delineate costs incurred to prosecute Nelson's husband; (4) did not demonstrate that the State's costs incurred on acquitted injury to child charges were excluded; and (5) was excessive because it did not accurately reflect the prosecutor's rate of pay.

At the restitution hearing, the district court noted that the Statement of Costs was "not sworn." Even so, the district court rejected Nelson's arguments and awarded $4,746 to the State. The district court assessed the award jointly and severally against Nelson and her husband. Nelson filed another appeal.

On its second review of the award, the Court of Appeals vacated the award. Again, the Court of Appeals held that insufficient evidence supported the award. The Court of Appeals faulted the district court for doing essentially the same thing it did before the first appeal—

---

[1] As Nelson explains, "[i]t is not clear why the requested amount of time changed from 39 hours to 33.9 hours. . . . However, checking the calculations with the total amount of restitution the prosecutor was requesting and the rate of pay he claimed, 33.9 hours appears to be the figure the prosecutor was actually using and the statement of 39 hours appears to simply be a misstatement."

[2] The Statement of Cost reads:

> I . . . Deputy Prosecuting Attorney for the State of Idaho, County of Ada, am aware that the Ada County Prosecutor's Office keeps records regarding the attorney time spent prosecuting drug cases in anticipation of submitting a request for restitution pursuant to I.C. § 37-2732(k). I have reviewed the time log in this case, which documents the prosecutor time spent prosecuting the above referenced drug case. The Ada County Prosecutor's Office spent a minimum of 33.9 attorney hours, at an attorney rate of $140 per hour prosecuting this case, not including preparation and argument for the sentencing hearing. Pursuant to Idaho Code § 37-2732(k), the State requests restitution in the amount of $4,746.00.

basing the award on unsworn representations. Thus, the Court of Appeals declined to remand the case because the State "already had an additional opportunity to provide substantial and competent evidence as support for the restitution award." *Id.* The Court of Appeals declined to reach Nelson's constitutional and vindictive sentencing arguments, finding the evidentiary issue dispositive. We granted the State's timely petition for review.

## II.    STANDARD OF REVIEW

When addressing a petition for review, this Court will give "serious consideration to the views of the Court of Appeals, but directly reviews the decision of the lower court." *State v. Schall*, 157 Idaho 488, 491, 337 P.3d 647, 650 (2014).

## III.    DISCUSSION

This appeal brings to light Idaho Code section 37-2732(k). That statute permits the State to recoup its prosecution costs as restitution, providing as follows:

> Upon conviction of a felony or misdemeanor violation under this chapter or upon conviction of a felony pursuant to the "racketeering act," section 18-7804, Idaho Code, or the money laundering and illegal investment provisions of section 18-8201, Idaho Code, the court may order restitution for costs incurred by law enforcement agencies in investigating the violation. Law enforcement agencies shall include, but not be limited to, the Idaho state police, county and city law enforcement agencies, the office of the attorney general and county and city prosecuting attorney offices. Costs shall include, but not be limited to, those incurred for the purchase of evidence, travel and per diem for law enforcement officers and witnesses throughout the course of the investigation, hearings and trials, and any other investigative or prosecution expenses actually incurred, including regular salaries of employees. In the case of reimbursement to the Idaho state police, those moneys shall be paid to the Idaho state police for deposit into the drug and driving while under the influence enforcement donation fund created in section 57-816, Idaho Code. In the case of reimbursement to the office of the attorney general, those moneys shall be paid to the general fund. A conviction for the purposes of this section means that the person has pled guilty or has been found guilty, notwithstanding the form of the judgment(s) or withheld judgment(s).

I.C. § 37-2732(k).

In this appeal, we focus on how "the court may order restitution" to the State for prosecution expenses "*actually incurred.*" *See id.* (emphasis added). Thus, restitution under section 37-2732(k) is discretionary. To determine whether the district court abused its discretion, this Court evaluates whether the district court: (1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion and consistently with relevant

3

legal standards; and (3) reached its decision by an exercise of reason. *Swallow v. Emergency Med. of Idaho, P.A.*, 138 Idaho 589, 592, 67 P.3d 68, 71 (2003). The second and third requirements of the inquiry outlined above require the district court to "base the amount of restitution upon the preponderance of evidence submitted by the prosecutor, defendant, victim, or presentence investigator." *State v. Weaver*, 158 Idaho 167, 170, 345 P.3d 226, 229 (Ct. App. 2014) (citation omitted). What amount of restitution to award is a question of fact for the district court, "whose findings will not be disturbed if supported by substantial evidence." *Id.*

Here, the sole "evidence" supporting the restitution award is a one-paragraph form, the Statement of Costs. The Statement of Costs is problematic for several reasons. First, the Statement of Costs is a boilerplate, fill-in-the-blank-style form the State has used in other cases. *See State v. Cunningham*, slip op. 44176 at 3 (Idaho 2017). The Statement of Costs merely identifies the defendant, the case number, and the prosecutor. It then states the total number of attorney hours, the hourly rate, and computes the sum total of the request. It does not contain itemized time entries explaining the tasks performed or the expenditures made in the particular case. Nor does the Statement of Costs state that restitution was sought only for expenses actually incurred in prosecuting the charge resulting in Nelson's conviction, not those resulting in a mistrial, acquittal, or Nelson's husband's conviction. Although it is signed, the signature does not purport to certify it as correct.

The Court of Appeals concluded the Statement of Costs did not constitute evidence. The Court of Appeals elaborated as follows:

> In a general sense, "evidence" is something (including testimony, documents, and tangible objects) that tends to prove or disprove the existence of an alleged fact. BLACK'S LAW DICTIONARY 595 (8th ed. 2004). The district court's restitution decision and our review, however, must be based upon substantial and competent evidence in the record. Unsworn oral or written representations, even those of an officer of the court, are not evidence. *See Zepeda v. State*, 152 Idaho 710, 716, 274 P.3d 11, 17 (Ct. App. 2012); *State v. Gerardo*, 147 Idaho 22, 26, 205 P.3d 671, 675 (Ct. App. 2009). While the State's Statement of Costs and Request for Restitution in a Drug Case and Motion for Restitution Closing Argument were signed, they were unsworn, and therefore do not constitute evidence. The very purpose of an evidentiary hearing is to present evidence. Since the State here failed to present evidence, there can be no award of restitution. Thus, the district court abused its discretion in awarding restitution.

The State cites us to *State v. Weaver*, 158 Idaho 167, 345 P.3d 226 (Ct. App. 2014), contending the district court did not err. In *Weaver*, the State sought $300 in restitution under

4

section 37-2732(k). *Id.* at 170, 345 P.3d at 229. The State filed a "written accounting of the time spent prosecuting [the defendant], which was broken into categories comprised of one or more tenths of an hour that totaled four hours at an hourly rate of $75. This accounting was signed by the prosecutor assigned to [the] case certifying that the accounting was correct." *Id.* The district court determined that $75 was a reasonable hourly rate within the legal community, and the parties did not dispute that finding. *Id.* at 170 n.1, 345 P.3d at 229 n.1. Rather, the defendant "only specifically challenged the time claimed for [the] first appearance . . . ." *Id.* The defendant argued he spent "less than thirty seconds at the defense table," but the "time listed by the prosecutor for the first appearance was twelve minutes." *Id.* The State countered that even if the time stated was imprecise, it sufficed as an estimate. *Id.* The district court agreed, and the Court of Appeals affirmed, articulating as follows:

> The state's certified accounting of the time it spent prosecuting the case, even if only an estimate, constitutes substantial evidence sufficient to support the district court's award of $300 to the county prosecutor's office. The accounting parsed the prosecutor's time amongst eleven listed tasks accompanied by a brief description of each task and, in many cases, a date on which the task occurred. There is little more that Weaver could reasonably expect as evidence in these circumstances. The state was not required to prove the time spent on Weaver's case beyond a reasonable doubt; only a preponderance of the evidence was required. Although Weaver questioned the accuracy of the state's accounting, he presented no evidence to undermine or contradict that accounting.

*Id.* at 170–71, 345 P.3d at 229–30.

*Weaver* is distinguishable from the restitution award at issue in this appeal. First, the defendant in *Weaver* "only specifically challenged the time claimed for [the] first appearance" but never disputed the hourly rate. *Id.* at 170, 345 P.3d at 229. But here, the number of hours and the hourly rate are both disputed. Second, the accounting in *Weaver* "parsed the prosecutor's time amongst eleven listed tasks accompanied by a brief description of each task and, in many cases, a date on which the task occurred." *Id.* That accounting "was signed by the prosecutor assigned to [the] case certifying that the accounting was correct." *Id.* But here, the Statement of Costs is not so detailed, as it does not itemize tasks like the certified accounting in *Weaver*. And, while the Statement of Costs contains the prosecutor's signature, nothing indicates that signature purports to certify the Statement of Costs is correct.

We conclude the restitution award is not supported by evidence. As noted, restitution under section 37-2732(k) must be based on a preponderance of the evidence, and an award of

restitution will not be disturbed if supported by substantial evidence. Substantial evidence is "relevant evidence as a reasonable mind might accept to support a conclusion." *State v. Straub*, 153 Idaho 882, 885, 292 P.3d 273, 276 (2012). Based on the above, the State's unsworn Statement of Costs does not meet that burden. Indeed, as noted, the Statement of Costs does not even state that restitution was sought only for expenses actually incurred in prosecuting the charge resulting in Nelson's conviction, not those resulting in a mistrial, acquittal, or Nelson's husband's conviction. We therefore hold that unsworn representations, even by an officer of the court, do not constitute "substantial evidence" upon which restitution under section 37-2732(k) may be based.[3]

As guidance concerning the correct interpretation of section 37-2732(k), we note that section 37-2732(k), by its plain terms, grants discretion to award restitution to the State for prosecution expenses "*actually incurred*." An award of restitution under section 37-2732(k) is not mandatory. When deciding whether restitution is proper, factors to consider include other fines imposed, victim restitution, assets, and previous and prospective earning abilities. Additionally, where relevant, the factors set forth under the general restitution statute, Idaho Code section 19-5304(7), may be considered. *See State v. Kelley*, slip op. 44178 at 7–8 (Idaho 2017). Moreover, unlike many other fee award statutes, section 37-2732(k) does not permit recovery of what is "reasonable." *Compare* I.C. § 37-2732(k), *with* I.C. §§ 12-117, -120, and -121. For example, we recently clarified that clear statutory language permitting recovery of reasonable attorney fees obviates the burden to prove actual costs incurred because "Idaho law simply does not equate reasonable attorney fees to actual attorney fees." *Inclusion, Inc. et al. v. Idaho Dep't of Health and Welfare*, 161 Idaho 239, 385 P.3d 1, 3 (Idaho Nov. 23, 2016). The same logic governs the interpretation of section 37-2732(k)'s clear and unambiguous terms. At a minimum, measuring up to section 37-2732(k)'s burden to prove expenses actually incurred will generally require sworn statements that delineate the time spent performing specific tasks.

We vacate the district court's award of restitution. Because the evidence issue is dispositive, we do not reach the additional arguments Nelson raises. We decline to remand the

---

[3] This conclusion finds support from our opinions in the sentencing context. *See State v. Coutts*, 101 Idaho 110, 113, 609 P.2d 642, 645 (1980) (explaining that sentencing judge cannot consider unsworn representations if a formal sentencing hearing is requested). Additional support arises from our opinions in the civil arena. *See, e.g.*, *Rocky Mountain Power v. Jensen*, 154 Idaho 549, 552, 300 P.3d 1037, 1040 (2012) (declining to admit document as an "affidavit" because it was unsworn); *Heinze v. Bauer*, 145 Idaho 232, 236, 178 P.3d 597, 601 (2008) ("Normally, a party would not be entitled to rely on an unsworn document that he or she authored in order to demonstrate the existence of a genuine issue of material fact.").

case. The State already had two opportunities to claim restitution, and remanding for a third opportunity would be improper.

## IV.    CONCLUSION

We vacate the restitution award for lack of evidence. Because the State already had two opportunities to claim restitution, we decline to remand the case.

Justices EISMANN, W. JONES, HORTON and J. JONES PRO TEM, CONCUR.