**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 44945/44946/44947**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: September 26, 2018** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JESSICA JEAN IBARRA, aka DELEON, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Juneal C. Kerrick, District Judge.

Judgment of conviction for possession of cocaine, unlawful possession of a firearm, possession of marijuana, and possession of paraphernalia, <u>affirmed</u>; order of restitution, <u>reversed</u> and <u>case remanded</u>.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

A jury found Jessica Jean Ibarra guilty of possession of cocaine, unlawful possession of a firearm, misdemeanor possession of marijuana, and misdemeanor possession of paraphernalia. Ibarra appeals from her judgment of conviction. Ibarra raises two issues on appeal.[1] First, she argues the prosecutor committed misconduct amounting to fundamental error by asking an officer to provide his opinion regarding Ibarra's guilt. Second, Ibarra argues the district court abused its discretion by entering a restitution award based solely on the prosecutor's unsworn statement of costs. For the reasons provided below, we affirm the judgment of conviction and reverse the restitution order.

_____

[1]     Ibarra withdrew her claim of error relative to the introduction of evidence under Idaho Rule of Evidence 404(b).

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Ibarra was a passenger in a vehicle pulled over for failure to stop. While one officer spoke with the driver, another officer noticed a gun in the back of the car. The officers removed the driver and Ibarra from the car. Marijuana and cocaine were found on Ibarra's person. A search of the car revealed a pipe and a purse containing paraphernalia.

Upon questioning, Ibarra indicated that all items found in the car were hers, though she initially denied any knowledge of the gun. The State charged Ibarra with possession of cocaine, unlawful possession of a firearm, possession of marijuana, and possession of paraphernalia. Ibarra pleaded not guilty and proceeded to trial.

During direct examination regarding the unlawful possession of the gun, the prosecutor asked the arresting officer, "Based on your training and experience, you believed [Ibarra and the driver] were guilty of this?" Ibarra objected, and the objection was sustained. On redirect, the prosecutor asked the officer, "If you believed someone was innocent, would you arrest them?" The officer responded, "No." The prosecutor later asked, "If you believed [Ibarra] did not know about the gun and did not have access to it, would you have arrested her?" The officer answered, "No." Ibarra did not object to either question.

The jury found Ibarra guilty of possession of cocaine, Idaho Code § 37-2732(c)(1); unlawful possession of a firearm, I.C. § 18-3316; possession of marijuana, I.C. § 37-2732(c)(3); possession of paraphernalia, I.C. § 37-2734A(1); and a prior-felony enhancement, I.C. § 37-2739. The district court sentenced Ibarra to a unified term of fourteen years, with six and one-half years determinate, for the cocaine charge, followed by a consecutive five-year sentence for the firearm charge. The court also sentenced Ibarra to concurrent 180-day sentences for the two misdemeanor charges.

At the sentencing hearing, the State requested restitution for the costs of prosecution. The district court stated that an affidavit was required. The State submitted a one-paragraph, signed boilerplate form titled "Statement of Costs and Request for Restitution in a Drug Case" with blanks for the defendant's name, the case number, date, number of hours worked, and total amount. The State did not submit an affidavit with the form. Ibarra did not object. There was no hearing regarding restitution, and the district court issued an order of restitution. Ibarra timely appeals.

2

# II.

## ANALYSIS

**A.     Prosecutorial Misconduct**

Ibarra argues the prosecutor committed misconduct constituting fundamental error by eliciting opinion testimony from an officer regarding Ibarra's guilt, thus depriving her of a fair trial.  The State argues that while potentially improper, the prosecutor's conduct did not amount to fundamental error.  While our system of criminal justice is adversarial in nature, and the prosecutor is expected to be diligent and leave no stone unturned, the prosecutor is nevertheless expected and required to be fair.  *State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007).  However, in reviewing allegations of prosecutorial misconduct, we must keep in mind the realities of trial.  *Id.*  A fair trial is not necessarily a perfect trial.  *Id.*

After previous objection, Ibarra made no contemporaneous objection to the prosecutor's subsequent questioning pertaining to the officer's opinion regarding Ibarra's guilt at trial.  In *State v. Perry*, 150 Idaho 209, 245 P.3d 961 (2010), the Idaho Supreme Court clarified the fundamental error doctrine as it applies to allegations of prosecutorial misconduct.  If the alleged misconduct was not followed by a contemporaneous objection, an appellate court should reverse when the defendant persuades the court that the alleged error:  (1) violates one or more of the defendant's unwaived constitutional rights; (2) is clear or obvious without the need for reference to any additional information not contained in the appellate record; and (3) affected the outcome of the trial proceedings.  *Id.* at 226, 245 P.3d at 978.  Because we conclude that prong two is dispositive, we need not discuss the other prongs.

As to the second prong of *Perry*, Ibarra argues the transcript is clear as to what the prosecutor asked, the questions were clearly improper, and therefore the error is clear from the record.  The State argues that the record is not clear that the failure to object was not a tactical decision as Ibarra objected to a previous similar question.

The second prong of the fundamental error analysis requires that the appellant show that the error was "clear or obvious, without the need for any additional information not contained in the appellate record, including information as to whether the failure to object was a tactical decision."  *Id.* at 226, 245 P.3d at 978.  On direct examination, the prosecutor asked the police officer whether he believed Ibarra was guilty.  Ibarra's objection to this statement was sustained.  However, during redirect, the prosecutor asked the officer, "If you believed someone was

innocent, would you arrest them?" The officer responded, "No." The prosecutor then asked, "And if you believed [Ibarra] did not know about the gun and did not have access to it, would you have arrested her?" The officer answered, "No." Ibarra did not object to the latter two questions.

Ibarra argues that the failure to object to the latter questions was due to the "realities of trial," mainly that the decision to object is made on a split-second basis and often an objection may be overlooked in the heat of trial because of the many aspects the attorney must focus on. Ibarra continues that "*Perry* accounts for those realities by allowing those claims of clear constitutional error to be raised on appeal even though the trial attorney failed to recognize that issue in the heat of trial." This interpretation of *Perry* would render the second prong a nullity.

As noted above, to meet the second prong of the fundamental error analysis, an appellant must demonstrate that his or her attorney did not make a tactical decision to not object. In *Perry*, the prosecutor elicited improper vouching testimony from witnesses on numerous occasions; however, defense counsel only objected in one instance. *Id.* at 228-29, 245 P.3d at 980-81. The Supreme Court determined that because the attorney objected to the same questioning in one instance but did not object on subsequent occasions, there was a reasonable possibility that the failure to object was a strategic choice and therefore did not amount to fundamental error. *Id.*

Similarly here, there were three instances of the prosecutor eliciting testimony regarding Ibarra's guilt, but defense counsel chose to object only once. Where defense counsel objected, the Court sustained that objection and harm was avoided. Thus, though potentially imprudent,[2] it appears, under the facts of this case, to be a reasonable probability that defense counsel's failure to object to the prosecutor's conduct in eliciting testimony regarding Ibarra's guilt was a strategic decision. Therefore, Ibarra's claim is not properly dealt with in a fundamental error review. Rather, it would be more properly pursued on post-conviction relief where additional fact-finding may be conducted to determine the motivation for defense counsel's failure to object. *See Perry*, 150 Idaho at 229, 245 P. 3d at 981. Ibarra failed to meet the second prong of the fundamental error analysis and therefore has not shown fundamental error.

---

[2]  Juries are the judges of the credibility of witnesses and the ultimate adjudicators of guilt or innocence. Thus, just as eliciting vouching testimony from a witness invades the province of the jury, *Perry*, 150 Idaho at 229, 245 P.3d at 981, so too does questioning a witness regarding the guilt of a defendant, *State v. Barnes*, 147 Idaho 587, 597-98, 212 P.3d 1017, 1027-28 (Ct. App. 2009).

**B.     Restitution**

On appeal, Ibarra only challenges the restitution award for prosecution expenses. Ibarra argues the unsworn boilerplate form submitted by the State is insufficient evidence to support the award of restitution. Therefore, Ibarra argues, the proper remedy is to vacate the award. Ibarra further argues that a remand is inappropriate as the State already had the opportunity to present evidence in support of the award and failed to meet its burden. In response, the State argues that because Ibarra did not object to the restitution order or argue there was insufficient evidence to support the award below, she has waived this argument on appeal. Alternatively, the State argues, the proper remedy is to remand the case to recalculate the restitution amount.

Idaho Code Section 37-2732(k) provides that "the court may order restitution" to the State for prosecution expenses "actually incurred." Thus, restitution awarded under I.C. § 37-2732(k) is discretionary. *State v. Cunningham*, 161 Idaho 698, 700, 390 P.3d 424, 426 (2017); *State v. Nelson*, 161 Idaho 692, 695, 390 P.3d 418, 421 (2017). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989). Whether the district court acted within the boundaries of its discretion and consistently with applicable legal standards and whether it reached its decision by an exercise of reason requires the district court to base the amount of restitution upon the preponderance of evidence submitted by the prosecutor, defendant, victim, or presentence investigator. *Cunningham*, 161 Idaho at 700, 390 P.3d at 426; *Nelson*, 161 Idaho at 695, 390 P.3d at 421; *State v. Weaver*, 158 Idaho 167, 170, 345 P.3d 226, 229 (Ct. App. 2014). The amount of restitution to award is a question of fact for the district court, whose findings will not be disturbed if supported by substantial evidence. *Cunningham*, 161 Idaho at 700, 390 P.3d at 426; *Nelson*, 161 Idaho at 695, 390 P.3d at 421; *Weaver*, 158 Idaho at 170, 345 P.3d at 229.

Ibarra relies on *Nelson* and *Cunningham* to support her argument that an unsworn, boilerplate form from the prosecutor's office is insufficient to support an award of restitution for prosecution expenses. In *Nelson* and *Cunningham*, issued on the same day, the Idaho Supreme Court addressed whether a similar form was sufficient on its own to prove by a preponderance of the evidence that the expenses were "actually incurred" as required by statute. *Cunningham*, 161

5

Idaho at 700, 390 P.3d at 426; *Nelson*, 161 Idaho at 695, 390 P.3d at 421. The analysis in both cases was identical and, excepting the unique factual background, party names and relief granted, the opinions were mirror images. *Cunningham*, 161 Idaho at 700-02, 390 P.3d at 426-28; *Nelson*, 161 Idaho at 695-97, 390 P.3d at 421-23. In both cases, the Idaho Supreme Court held that "unsworn representations, even by an officer of the court, do not constitute 'substantial evidence' upon which restitution under section 37-2732(k) may be based." *Cunningham*, 161 Idaho at 702, 390 P.3d at 428; *Nelson*, 161 Idaho at 697, 390 P.3d at 423. In reaching this conclusion, the Idaho Supreme Court determined the form submitted by the State merely identified the defendant, the case number, prosecutor, total number of attorney hours, hourly rate, and sum total computation of the request. *Cunningham*, 161 Idaho at 700, 390 P.3d at 426; *Nelson*, 161 Idaho at 695, 390 P.3d at 421. It did not contain "itemized time entries explaining the tasks performed" or the "expenditures made in the particular case" or that the "restitution was sought only for expenses actually incurred in prosecuting" the specific charge at issue. *Cunningham*, 161 Idaho at 700-01, 390 P.3d at 426-27; *Nelson*, 161 Idaho at 695-96, 390 P.3d at 421-22. The Supreme Court specifically noted that section 37-2732(k) does not permit recovery of what is reasonable; rather, solely what is actually incurred. *Cunningham*, 161 Idaho at 702, 390 P.3d at 428; *Nelson*, 161 Idaho at 697, 390 P.3d at 423. Therefore, to meet the burden to prove expenses actually incurred, generally a sworn statement is required that delineates the time spent performing specific tasks. *Cunningham*, 161 Idaho at 702, 390 P.3d at 427; *Nelson*, 161 Idaho at 697, 390 P.3d at 423.

The form submitted here is similarly deficient as the forms in both *Nelson* and *Cunningham*. It does not itemize the tasks performed nor does it contain a signature purporting to certify that the statement of costs is correct. Additionally, the prosecutor stated that she was unsure of the county's hourly rate and therefore used another county's rate. This demonstrates that the document submitted by the State does not prove the expenses actually incurred. Accordingly, there was insufficient evidence to support the award of restitution for prosecution expenses. Because the district court awarded restitution based upon a document that the Idaho Supreme Court has held is insufficient to support such an award, the district court abused its discretion.

Next, Ibarra argues the State should not be given a "second bite at the apple" by "reopening the restitution hearing," and therefore remand is inappropriate. This argument hinges

upon two questions: first, whether the State had a first bite of the apple, which the parties disagree over; second, whether there was a restitution hearing, which there was not. Regarding the first question, Ibarra argues the State's first "bite" resulted from the district court's directive to file an affidavit. Because the court directed the State to file an affidavit, and the State failed to do so, remand would result in another opportunity for the State to meet its burden. The State argues that, unlike in *Nelson* where the case was remanded and the State had an opportunity to provide an affidavit yet failed to do so, here the State did not actually have a first "bite." In *Nelson*, the order of restitution was vacated, the case was remanded, and restitution was relitigated, expressly objected to, and reordered. *Id.* at 694-95, 390 P.3d at 420-21. Therefore, the Idaho Supreme Court did not remand the case following the second hearing because the State had already had two opportunities to provide sufficient evidence. *Id.* at 697, 390 P.3d at 423. In *Cunningham*, the State filed an unsworn "Statement of Costs and Request for Restitution in a Drug Case," and the district court awarded restitution. *Id.* at 700, 390 P.3d at 426. The Idaho Supreme Court remanded the case for further proceedings. *Id.* at 702, 390 P.3d at 428. Here, there was no restitution hearing, no previous appeal, and no previous remand. Rather, the State merely filed an unsworn "Statement of Costs and Request for Restitution in a Drug Case" and based solely on that document, the district court awarded restitution. This is the same factual scenario as *Cunningham* where the case has not been remanded and no hearing has been held. Thus, remand is appropriate.

The second question is pertinent to the State's argument that Ibarra waived her challenge to restitution on appeal because she failed to object. While the State is correct that the district court informed Ibarra she had the right to object to the restitution requested by the State, the record reflects that the court likewise informed the State to provide an affidavit in support of the requested restitution. It was not until after the State was informed of this requirement that the Court informed Ibarra of her right to object. It appears from the record that no such affidavit was provided and that there was no hearing regarding restitution. Therefore, Ibarra had no opportunity to object before the district court ordered restitution. Moreover, the issue of whether sufficient evidence existed to support an award of restitution may be properly reviewed for the first time on appeal. *See State v. Yeoumans*, 144 Idaho 871, 873, 172 P.3d 1146, 1148 (Ct. App. 2007) ("An appellate challenge to the sufficiency of evidence to meet a party's burden of proof requires no specific action or argument below.").

7

**III.**

**CONCLUSION**

The prosecutor's conduct in eliciting vouching testimony from the arresting officer regarding Ibarra's guilt did not constitute fundamental error. Because Ibarra objected to a similar question on direct examination, it is unclear from the record that the failure to object to the subsequent questions was not a tactical decision. The State failed to present sufficient evidence to support an award of restitution. Therefore, the district court erred in ordering restitution. Accordingly, Ibarra's judgment of conviction for cocaine, unlawful possession of a firearm, possession of marijuana, and possession of paraphernalia is affirmed. The order of restitution is reversed, and the case is remanded for further proceedings consistent with this opinion.

Judge HUSKEY and Judge LORELLO **CONCUR**.