# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 45797

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: June 26, 2019 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JACQUELINE ALYSA WEINDEL, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Richard D. Greenwood, District Judge.

Judgment of restitution, affirmed in part, vacated in part, and case remanded.

Eric D. Fredericksen, State Appellate Public Defender; Maya P. Waldron, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Jacqueline Alysa Weindel appeals from the judgment of restitution entered following her convictions for possession of a controlled substance; possession of drug paraphernalia; and possession, introduction, or removal of certain articles into or from a correctional facility. Weindel argues that the district court abused its discretion when it awarded restitution for the State's prosecution costs because the State failed to provide substantial evidence that the restitution request did not include the costs of prosecution for a resisting and/or obstructing an officer charge of which Weindel was acquitted. For the reasons set forth below, we affirm in part, vacate in part, and remand.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Police conducted a traffic stop on a vehicle in which Weindel was a passenger. During the course of the stop, Weindel was arrested for resisting and/or obstructing an officer. A search incident to arrest revealed a syringe containing methamphetamine. The State charged Weindel with felony possession of a controlled substance, misdemeanor possession of drug paraphernalia, and misdemeanor resisting and/or obstructing an officer. The case was consolidated with another case in which Weindel was charged with misdemeanor possession, introduction, or removal of certain articles into or from a correctional facility. A jury found Weindel guilty of all of the charges except resisting and/or obstructing an officer. At sentencing, the State requested $549.23 in restitution, which included $100 for the cost of testing and $449.23 for the costs of prosecution. Weindel objected to any restitution except for the cost of testing. The district court ordered Weindel to pay the entire amount requested. Weindel appeals.

# II.

## STANDARD OF REVIEW

Restitution for costs incurred by law enforcement agencies in cases involving a conviction for a drug offense is discretionary. I.C. § 37-2732(k); *State v. Nelson*, 161 Idaho 692, 695, 390 P.3d 418, 421 (2017). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

# III.

## ANALYSIS

Weindel contends the district court abused its discretion when awarding restitution "because the State did not provide substantial evidence that the restitution it requested excluded the costs of prosecuting the resisting or obstructing charge of which [she] was acquitted." The State responds that Weindel's claim is not preserved and should not be considered but, even if considered, it "appears" that the State's request was limited to restitution related to the felony

2

drug charge. We hold that Weindel's challenge to the restitution award for prosecution costs is properly before the Court and that the State's evidence in support of its restitution request did not comply with the evidentiary standards required for such an award.

Idaho Code Section 37-2732(k) provides, in relevant part, that upon a felony or misdemeanor conviction under Title 37, Chapter 27, the court may order restitution for costs incurred by law enforcement agencies in investigating the violation. Law enforcement agencies include prosecuting attorney offices. I.C. § 37-2732(k). Pursuant to I.C. § 37-2732(k), the State submitted a "Certificate of Records" from an employee of the prosecuting attorney's office.[1] That certificate states that the affiant: (1) accessed records maintained by the prosecuting attorney's office that relate to "attorney time spent prosecuting drug cases in anticipation of submitting a request for restitution pursuant to I.C. § 37-2732(k)"; (2) reviewed the time log prepared in Weindel's case, "which documents the actual prosecutor time spent prosecuting the above referenced drug case"; (3) determined the prosecutors "spent 11.9 hours working on this case"; and (4) multiplied the 11.9 hours spent by a rate of $37.75 to determine the prosecution costs totaled $449.23.[2]

When discussing the State's restitution request, the district court engaged in the following exchange with the prosecutor:

> THE COURT: Have you broken that down between the misdemeanor and the felony and the drug charges versus nondrug charges?
> [PROSECUTOR]: Well, Your Honor, the only actual--the only drug charges in this case--in these cases is going to be on the felony case.
> THE COURT: Uh-huh.
> [PROSECUTOR]: Because the misdemeanor case--
> THE COURT: Right.
> [PROSECUTOR]: So we are not claiming cost of prosecution for the misdemeanor case.
> THE COURT: That's why I was asking if you had broken it down.
> [PROSECUTOR]: No, just for the felony case.

---

[1] The certificate of records is not file stamped, but is attached to the district court's order for restitution and judgment. The amount reflected in the certificate is consistent with the oral request the State made at sentencing regarding restitution for the cost of prosecution.

[2] At sentencing, the prosecutor also requested "$100 for the cost of testing." Weindel agreed that she "owes for the lab report" and she does not challenge the $100 portion of the restitution award on appeal.

THE COURT:        Just charges for the felony.  And as between the various counts?  I guess, the resisting and obstructing was found not guilty.
                  So go ahead . . . .
[PROSECUTOR]:     If you want, I can try to break those down for the Court and provide a summary.
THE COURT:        Well, it's just when the matter goes to trial, there is a concern with how much cost of prosecution has to do with those counts for which the State is entitled to be claimed restitution and how much has to do with those counts for which the State is not entitled to claimed restitution.  That's all.
[PROSECUTOR]:     I understand.  Okay.

Weindel objected to any restitution other than costs associated with the laboratory testing, arguing that restitution for prosecution costs would punish her for exercising her right to trial.  Weindel also argued that she should not be "saddle[d]" with additional costs, but should instead be working to support her child.  The district court rejected Weindel's constitutional argument and ordered restitution in the full amount requested by the State.

We first address the State's argument that Weindel's challenge to the restitution award should not be considered because Weindel did not object to restitution on the same basis that she challenges the award on appeal.  As noted, Weindel's argument on appeal is that the State failed to provide substantial evidence that the restitution request did not include costs for prosecuting the charge of which she was acquitted.  Weindel's response to the State's preservation argument is that an objection based on lack of substantial evidence is not required in order to raise the issue on appeal.  Weindel is correct.  An appellate challenge to the sufficiency of the evidence to meet a party's burden of proof requires no specific action or argument in the trial court.  *State v. Yeoumans*, 144 Idaho 871, 873, 172 P.3d 1146, 1148 (Ct. App. 2007).  Thus, Weindel's assertion that the State failed to meet its burden vis-à-vis its request for restitution for prosecution costs is properly before this Court.  Resolution of that issue requires consideration of the evidentiary standards the Idaho Supreme Court has articulated as necessary to sustain such awards.

In *Nelson*, the Supreme Court considered a restitution award for costs of prosecution under I.C. § 37-2732(k).  The evidence presented at the restitution hearing in *Nelson* was an unsworn statement of costs reflecting 33.9 attorney hours, multiplied by a $140 hourly rate, for $4,746 in restitution.  Nelson objected to the restitution on several bases:  (1) that it would punish her for exercising her right to trial; (2) the evidence did not demonstrate that costs for the

4

mistrial were excluded; (3) the evidence did not delineate costs incurred to prosecute her husband; (4) the evidence did not demonstrate the costs for the charges on which Nelson was acquitted were excluded; and (5) the hourly rate was excessive because it did not accurately reflect the prosecutor's rate of pay. The district court awarded the requested amount despite Nelson's objections. On appeal, the Supreme Court found the only evidence presented--the statement of costs--was problematic because it was a "fill-in-the-blank-style form" that identified the defendant, the case number, the prosecutor, the total number of attorney hours, the hourly rate, and the sum total of the request, but did not "contain itemized time entries explaining the tasks performed or the expenditures made in the particular case." *Nelson*, 161 Idaho at 421-22, 390 P.3d at 695-96. The Court further noted that the statement of costs did not indicate that the restitution request was only for expenses actually incurred in prosecuting the charge resulting in Nelson's conviction and not those resulting in a mistrial, acquittal, or Nelson's husband's conviction. *Id.* The Court in *Nelson* held that "unsworn representations, even by an officer of the court, do not constitute 'substantial evidence' upon which restitution under section 37-2732(k) may be based" and stated that "at a minimum, measuring up to section 37-2732(k)'s burden to prove expenses actually incurred will generally require sworn statements that delineate the time spent performing specific tasks." *Nelson*, 161 Idaho at 697, 390 P.3d at 423.

While the certificate of records the State submitted in this case was sworn, it did not delineate the time spent performing specific tasks as required under *Nelson*. The failure to do so is the premise of Weindel's argument that the district court erred because, absent a delineation of the time spent performing specific tasks, the district court could not determine that the request did not include costs associated with the nonqualifying charge (resisting and/or obstructing an officer) of which Weindel was acquitted. Indeed, the colloquy between the district court and the prosecutor reflects an awareness of why such detail is important; however, that detail was not provided.

The State does not cite *Nelson* or acknowledge its requirements despite its clear applicability to this case. Rather, the State argues that "it appears" the State "only sought restitution for the drug crimes" and, as such, there was substantial evidence to support the district court's award. The "appearance" argument advanced by the State is based on the absence of

5

statutory authority for prosecution costs for resisting and/or obstructing an officer, the prosecutor's representation that it was not seeking costs for the "misdemeanor case," and the references to I.C. § 37-2732(k) in the certificate. Even if this Court were to assume that the State sought no more than what was authorized by I.C. § 37-2732(k), such an assumption does not address why the State's failure to delineate the time spent performing specific tasks should be excused despite *Nelson*'s instruction that such information is the minimum necessary to "measur[e] up to section 37-2732(k)'s burden to prove expenses actually incurred." *Nelson*, 161 Idaho at 697, 390 P.3d at 423. Moreover, the State's requested assumption is unwarranted. The certificate's use of the phrase "the above referenced drug case," which presumably refers to the case number in the caption (CR01-17-10757), cannot be interpreted as precluding the resisting and/or obstructing an officer charge because that charge was alleged as part of "the above referenced drug case." Similarly, the prosecutor's comment that the State was not seeking costs for the "misdemeanor case" does not demonstrate that the restitution request excluded the resisting and/or obstructing an officer charge because that charge was not alleged in the misdemeanor case; the misdemeanor case only included the charge of possession, introduction, or removal of certain articles into or from a correctional facility. Accordingly, we vacate the judgment of restitution for prosecution costs.

## IV.

## CONCLUSION

Weindel has not challenged the $100 awarded for the cost of laboratory testing, and the judgment of restitution is affirmed in that regard. Because the evidence the State submitted in support of its request for prosecution costs under I.C. § 37-2732(k) did not comply with the standards applicable to such awards, we vacate the judgment of restitution awarding $449.23 in prosecution costs and remand this case for further proceedings consistent with this opinion.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.

6