# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 49232

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: December 30, 2022 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| TINA M. GOODENOUGH, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Elmore County. Hon. Gerald F. Schroeder, District Judge; Hon. Theodore Fleming, Magistrate.

Order of the district court, on intermediate appeal from the magistrate court, affirming judgment of conviction for unlawful taking of wildlife and judgment of reimbursement, <u>affirmed</u> in part, <u>reversed</u> in part, and <u>case remanded</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

BRAILSFORD, Judge

Tina M. Goodenough appeals from the district court's opinion affirming the magistrate court's judgment of conviction for misdemeanor unlawful taking of a game animal, Idaho Code § 36-1101(a), and its judgment of reimbursement. We affirm the district court's opinion in part and reverse in part.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In October 2020, the Idaho Department of Fish and Game cited Goodenough for the misdemeanor unlawful taking of a game animal after she killed a mule deer doe in a closed hunting unit. Goodenough entered into a plea agreement with the State in which the State represented it

1

would request $400 for big-game reimbursement and a $200 fine for an unlawful killing. Before the sentencing hearing, Goodenough filed a sentencing memorandum. In this memorandum, Goodenough conceded these penalties were mandatory and that "as a general matter, the State's requested financial penalty is more than reasonable." Nevertheless, Goodenough asserted that her "sole source of income is $818 per month in social security disability benefits"; imposing any financial penalty on her would violate the anti-attachment provision of the Social Security Act, 42 U.S.C. § 407(a); and imposing a fine on her would violate the Excessive Fines Clause of the Eighth Amendment to the United States Constitution and Article I, § 6 of the Idaho Constitution.

At the combined entry of plea and sentencing hearing, the magistrate court advised Goodenough of the mandatory minimum penalties if she were to plead guilty; Goodenough acknowledged she understood; and she pled guilty. Following Goodenough's guilty plea, the court imposed a mandatory fine of $200 under I.C. § 36-1402(c) for an unlawful killing and ordered Goodenough to reimburse the State $400 under I.C. § 36-1404(a)(3) for killing the mule deer.[1] The court rejected Goodenough's legal challenges to these penalties, relying on *State v. Ingram*, 478 P.3d 799 (Mont. 2020). Based on this authority, the court stated that:

> [T]he anti-assignment provision of the Social Security Act requires the social security moneys cannot be reached to satisfy a debt. It does not forgive a debt. It does not address the use of other assets to retire a debt, and it does not prohibit a debt. It only prohibits the use of any social security moneys for debt retirement. . . . [It] does not immunize [a defendant] from the mandatory fine. Rather, it merely prohibits the capture of those benefits to satisfy the fine.

Following the hearing, the magistrate court entered a judgment of conviction ordering Goodenough to pay the mandatory $200 fine. In a separate judgment of reimbursement, the court ordered Goodenough to reimburse the State $400, requiring that amount to "be paid in full" within two years and providing any installments not paid within two years "may be collected by any means authorized for the enforcement of a judgment under the provisions of the Idaho Code."

Goodenough filed an intermediate appeal with the district court. Relevant to this appeal, she argued the $200 fine and the $400 in reimbursement violated the anti-attachment provision of

---

[1] The magistrate court also ordered Goodenough to pay court costs and a processing fee, but she did not object to these financial obligations, and she does not challenge them on appeal. Further, the court suspended Goodenough's hunting license for the mandatory minimum period of one year under I.C. § 36-1402(f)(5) for flagrantly taking the mule deer. Goodenough does not challenge this suspension on appeal to this Court.

the Social Security Act and her constitutional rights protecting against excessive fines. The court ruled that "the financial penalties do not violate 42 U.S.C. § 407(a)" or Goodenough's constitutional rights and that the constitutional prohibitions against excessive fines is inapplicable to reimbursement, which is a civil remedy. The court affirmed the magistrate court's judgments.

Goodenough timely appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, we review the magistrate court record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefor, and either affirm or reverse the district court. Over questions of law, we exercise free review. *State v. O'Neill*, 118 Idaho 244, 245, 796 P.2d 121, 122 (1990).

## III.

## ANALYSIS

### A.     Social Security Anti-Attachment Provision

Goodenough challenges the district court's ruling affirming the magistrate court's conclusion that the judgments imposing the fine and reimbursement do not violate the Social Security Act's "anti-attachment provision," which protects social security benefits from "execution, levy, attachment, garnishment, or other legal process." 42 U.S.C. § 407(a). Specifically, the anti-attachment provision states:

> The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or *other legal process*, or to the operation of any bankruptcy or insolvency law.

*Id.* (emphasis added). On appeal, Goodenough argues "the financial obligations in [the] judgments subject her social security benefits to an 'other legal process,' which is prohibited by the anti-attachment law."

3

The United States Supreme Court considered the meaning of the anti-attachment provision's use of the phrase "other legal process" in *Washington State Dep't of Soc. & Health Servs. v. Guardianship Est. of Keffeler*, 537 U.S. 371 (2003). In *Keffeler*, the Court ruled "'other legal process' should be understood to be process much like the processes of execution, levy, attachment, and garnishment." *Id.* at 385. It explained, "at a minimum," other legal process "require[s] utilization of some judicial or quasi-judicial mechanism, though not necessarily an elaborate one, by which control over property passes from one person to another in order to discharge or secure discharge of an allegedly existing or anticipated liability." *Id.* at 385. As the Court noted, the anti-attachment provision prohibits a State from compelling a recipient of social security benefits to pay that income to the State. *Id.* at 389.

In support of her appeal, Goodenough relies on numerous cases from other jurisdictions addressing whether the imposition of a financial penalty constitutes "other legal process" under 42 U.S.C. § 407(a). In response, the State asserts "all of the cases [Goodenough] cites . . . affirm that the financial penalties were not 'other legal process' for purposes of the anti-attachment statute." We generally agree with the State that the magistrate court's imposition of $400 in reimbursement and a mandatory fine of $200 does not violate the anti-attachment clause.

As the district court noted, the Montana Supreme Court's decision in *Ingram*, 478 P.3d 799, is instructive. In that case, the sentencing court imposed a mandatory fine of $5,000 on Ingram for felony driving under the influence and a presentence investigation report showed his "sole source of income was $857 per month in Social Security Disability Insurance (SSDI) payments." *Id.* at 801. On appeal, Ingram argued the mandatory fine violated the anti-attachment provision. *Id.* at 803. The Court rejected this challenge, noting "nothing in the wording of the statute purports to prohibit the imposition of new debt or fines." *Id.* Because the sentencing court "simply imposed the mandatory fine, referenced no source income or assets, and did not attempt to capture, directly or indirectly, Ingram's SSDI benefit," the Court ruled that the mandatory fine did not violate 42 U.S.C. § 407(a). *Ingram*, 478 P.3d at 803; *see also State v. Catling*, 438 P.3d 1174, 1178 (Wash. 2019) (holding *imposition* of a mandatory legal financial obligation does not violate the anti-attachment provision); *accord Phipps v. Phipps*, 124 Idaho 775, 778-79, 864 P.2d 613, 616-17 (1993) (finding agreement that ex-husband pay ex-wife portion of total retirement benefits, which included social security benefits, did not require ex-husband to use social security benefits to pay ex-wife and, therefore, did not violate anti-attachment provision). The *Ingram*

4

Court distinguished its prior decision in *State v. Eaton*, 99 P.3d 661 (Mont. 2004), in which it ruled a restitution order violated the anti-attachment provision because the order "explicitly ordered that Eaton pay 20% of his social security income toward the restitution obligation." *Ingram*, 478 P.3d at 803.

The appellate court in *In re Lampart*, 856 N.W.2d 192 (Mich. Ct. App. 2014), likewise recognized the distinction between simply imposing a penalty against an individual whose sole source of income is social security benefits and compelling that individual to pay the penalty using social security income. In that case, a juvenile pled guilty to arson and the trial court ordered his mother to pay $28,210 in restitution. *Id.* at 194. The mother attested her sole source of income was $730 per month in SSDI benefits. *Id.* Regardless, the court ruled it would "enforce the restitution order against [the mother] through the power of contempt, after the income was in her possession." *Id.* at 195.

On appeal, the mother argued the restitution order violated the anti-attachment provision. The appellate court concluded "the restitution order itself remains valid," reasoning that the mother's "receipt of SSDI benefits does not immunize her from the restitution order." *Id.* at 203. The court further concluded, however, that "the trial court may not compel [the mother] to satisfy her restitution obligation out of her SSDI benefits, by a contempt finding or other legal process." *Id.* It reasoned that use of the trial court's "contempt powers . . . would be the use of a judicial mechanism to pass control over those benefits from one person to another" in violation of 42 U.S.C. § 407(a). *Lampart*, 856 N.W.2d at 199. Accordingly, the appellate court remanded the case, stating that "on remand, the trial court should be careful to avoid any order that in fact would compel [the mother] to satisfy her restitution obligation from the proceeds of her SSDI benefits." *Id*. at 200.

In this case, the magistrate court's comments during the sentencing hearing demonstrate the court understood Goodenough's social security income "cannot be reached to satisfy a debt." For example, it declined Goodenough's request to order a "payment plan," concluding such a plan might violate the anti-attachment provision. Further, neither the judgment of conviction ordering the $200 mandatory fine nor the judgment of reimbursement for $400 reference the source of income or assets that Goodenough must use to satisfy the debt, and neither judgment attempts to capture, transfer, nor otherwise control her social security income. For these reasons, we conclude the $200 fine and $400 in reimbursement do not violate 42 U.S.C. § 407(a).

5

Like the trial court in *Lampart*, however, the magistrate court included enforcement language in its judgment of reimbursement that would violate the 42 U.S.C. § 407(a). Specifically, the judgment provides that, if Goodenough does not pay the reimbursement as ordered, then the reimbursement "may be collected by any means authorized for the enforcement of a judgment under the provisions of the Idaho Code."[2]  Assuming such an enforcement action were to occur, Goodenough's sole income at that time was limited to social security income, and she possessed no other disposable assets, then the action would violate 42 U.S.C. § 407(a). The record, however, does not show either that the State has taken any action to enforce the judgment or that Goodenough's sole income is limited to her social security benefits. As the State notes, the representation of Goodenough's counsel in the sentencing memorandum regarding the source and nature of Goodenough's income is not competent evidence adequate to establish that fact. *See, e.g.*, *State v. Cunningham*, 161 Idaho 698, 701, 390 P.3d 424, 427 (2017) (ruling unsworn statement inadequate to establish fact for purposes of restitution). To avoid any future violation of 42 U.S.C. § 407(a), however, we remand for clarification that the State may not enforce the judgment of reimbursement against Goodenough's social security income in the event of a default.

**B.      Excessive Fines Clause**

Goodenough also challenges the district court's ruling affirming the magistrate court's imposition of the $200 mandatory fine.[3]  She argues the fine violates her constitutional rights against excessive fines. Specifically, Goodenough asserts the fine "violate[s] those constitutional protections because the magistrate court did not consider her ability to pay."

The Excessive Fines Clause of the Eighth Amendment provides in relevant part that the government shall not impose excessive fines and limits the government's power to extract payments as punishment for an offense. *United States v. Bajakajian*, 524 U.S. 321, 328 (1998). Article 1, § 6 of the Idaho Constitution contains an identical clause and provides co-extensive protection with the Eighth Amendment against excessive fines. *State v. Cottrell*, 152 Idaho 387, 394, 271 P.3d 1243, 1250 (Ct. App. 2012). For purposes of the Eighth Amendment, payments or other imposed financial obligations are "fines" only if they constitute punishment. *Bajakajian*,

---

[2]      The judgment ordering payment of the $200 fine does not include this or similar language.

[3]      On appeal, Goodenough does not challenge the district court's conclusion that reimbursement is a civil remedy and that the constitutional prohibitions against excessive fines do not apply to reimbursement.

524 U.S. at 328. "Excessive" means surpassing the usual, the proper, or a normal measure of proportion. *Id.* at 335.

A fine intended as punishment may not be grossly disproportional to the gravity of the defendant's offense. *Id.* at 334. This Court has previously noted that in determining whether the fine is proportional, "a court considers the type of offense the defendant committed; whether it was related to other illegal activity; the possible sentence and fines for the offense[;] whether they confirm a minimal or greater level of culpability; and the amount of harm caused by the crime." *Cottrell*, 152 Idaho at 395, 271 P.3d at 1251 (citing *Bajakajian*, 524 U.S. at 337-39); *see also Nez Perce Cty. Prosecuting Att'y v. Reese*, 142 Idaho 893, 899, 136 P.3d 364, 370 (Ct. App. 2006) (noting court is not required to consider any rigid set of factors).

On appeal, Goodenough argues this Court "should require, as part of the proportionality test, whether the defendant has the ability to pay." Goodenough concedes, however, that no binding authority has held that the defendant's ability to pay is a relevant factor in determining proportionality. *See Timbs v. Indiana*, ___ U.S. ___, ___, 139 S. Ct. 682, 688 (2019) (noting *Bajakajian* took "no position" on whether person's income and wealth are relevant considerations in judging excessiveness of fine). Rather, Goodenough relies on nonbinding authorities considering a defendant's ability to pay in determining whether a fine is proportional to the gravity of the offense. *See Colorado Dep't of Lab. & Emp. v. Dami Hosp., LLC*, 442 P.3d 94, 101-02 (Colo. 2019) (ruling court should consider person's ability to pay in determining whether fine is constitutionally excessive); *City of Seattle v. Long*, 493 P.3d 94, 111-14 (Wash. 2021) (same).

Because neither the United States Supreme Court nor the Idaho appellate courts have previously ruled that a sentencing court should consider a defendant's ability to pay in determining whether a fine is constitutionally proportional to the committed offense, the magistrate court did not err by not considering Goodenough's ability to pay. Moreover, in Goodenough's sentencing memorandum, she expressly stated she "concedes that, as a general matter, the State's requested financial penalty is more than reasonable." Based on this concession, the invited error doctrine estops Goodenough from asserting any error that the fine was excessive. *See State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993) (ruling doctrine applies to estop party from asserting error when party's conduct induces error). Further, as the State notes, Goodenough failed to present to the magistrate court any competent evidence to establish her inability to pay. *See Cunningham*, 161 Idaho at 701, 390 P.3d at 427 (ruling unsworn statement inadequate to establish

7

fact for purposes of restitution).  For these reasons, the court did not err by failing to consider Goodenough's ability to pay when ordering the mandatory $200 fine.

## IV.

## CONCLUSION

We affirm the district court's opinion affirming the magistrate court's judgment of conviction ordering Goodenough to pay the mandatory $200 fine.  Further, we affirm the district court's opinion affirming the judgment of reimbursement for $400, except to the extent the judgment provides the State may enforce it against Goodenough's social security income.  We reverse that portion of the judgment and remand for the entry of an amended judgment consistent with this opinion.

Judge GRATTON and Judge HUSKEY **CONCUR**.