# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 45438

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: November 20, 2018 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| CHRISTOPHER ALLEN PUCKETT, aka | ) OPINION AND SHALL NOT |
| WAFFORD, | ) BE CITED AS AUTHORITY |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Steven J. Hippler, District Judge.

Judgment of conviction and unified sentence of twelve years, with a minimum period of confinement of two years, for possession of a controlled substance and being a persistent violator, affirmed; order for restitution, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Christopher Allen Puckett appeals from his judgment of conviction and unified twelve-year sentence, with a minimum period of confinement of two years, for possession of a controlled substance with a persistent violator enhancement. Puckett also appeals from the district court's restitution order. For the reasons set forth below, we affirm.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

A jury found Puckett guilty of possession of a controlled substance, I.C. § 37-2732(c), and Puckett admitted to being a persistent violator, I.C. § 19-2514.[1] At sentencing, the State requested restitution in the amount of $934.18 for costs incurred by law enforcement agencies as authorized by I.C. § 37-2732(k). Puckett did not object to the amount of restitution, but requested the district court not order restitution in light of his history of financial difficulties. Puckett also requested a unified sentence of ten years, with a minimum period of confinement of two years. The district court imposed a unified twelve-year sentence, with a minimum period of confinement of two years, and ordered Puckett to pay the requested restitution. Puckett appeals.

# II.

## STANDARD OF REVIW

Sentencing decisions and restitution awards are reviewed for an abuse of discretion. *State v. Smith*, 144 Idaho 687, 690-92, 169 P.3d 275, 278-80 (Ct. App. 2007). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion, consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *See State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

# III.

## ANALYSIS

### A.    Excessive Sentence

At sentencing, Puckett acknowledged "this is a prison case" and asked the district court to consider a two-year fixed term. With respect to the indeterminate term, Puckett stated an eight-year term was "fine," noting the incentive an indeterminate term provides in relation to "stay[ing] clean." The district court imposed the requested two-year fixed term, but exceeded the requested indeterminate term by two years, for an aggregate twelve-year sentence. Puckett argues that the district court abused its discretion by failing to sufficiently consider Puckett's

---

[1]    Puckett was also found guilty of possession of drug paraphernalia, but he does not challenge this conviction or sentence on appeal.

substance abuse problem, his desire for treatment, and his mental health. The district court did not abuse its sentencing discretion.

Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Because the district court imposed the two-year fixed term Puckett requested, consideration of Puckett's excessive sentence claim is limited to whether the district court abused its discretion in imposing an indeterminate ten-year term as opposed to the indeterminate eight-year term Puckett requested. *See State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986) (applying the invited error doctrine to a sentencing decision). The record reveals that, in imposing sentence, the district court considered the objectives of sentencing, the nature of the offense, the character of the offender, and mitigating and aggravating factors. Applying the standards governing sentencing decisions, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

## B. Restitution

Puckett argues that the district court did not give sufficient weight to his financial resources, needs, and earning ability when it ordered restitution. The State contends that the district court considered Puckett's ability to pay and did not abuse its discretion in ordering restitution. The district court did not abuse its discretion in awarding restitution.

3

Idaho Code Section 37-2732(k) authorizes restitution for costs incurred by law enforcement agencies in cases involving a conviction for a drug offense. Restitution under I.C. § 37-2732(k) is discretionary. *State v. Nelson*, 161 Idaho 692, 695, 390 P.3d 418, 421 (2017). Where relevant, the factors set forth under the general restitution statute, I.C. § 19-5304, may be considered. *Nelson*, 161 Idaho at 697, 390 P.3d at 423. One of the factors to consider under I.C. § 19-5304, is the financial resources, needs, and earning ability of the defendant. I.C. § 19-5304(7). However, the defendant's immediate inability to pay restitution shall not be, in and of itself, a reason to not order restitution. I.C. § 19-5304(7). Under I.C. § 19-5304(7), inability to pay neither precludes nor limits a restitution award; rather, ability to pay is only one factor for a court's consideration when it makes a discretionary restitution determination. *State v. Olphin*, 140 Idaho 377, 379, 93 P.3d 708, 710 (Ct. App. 2004). Restitution in contemplation of future ability to pay is appropriate. *Id*. at 380, 93 P.3d at 711.

Puckett requested that the district court not order restitution because he has "always struggled financially" and will continue to do so when released from prison. On appeal, Puckett asserts that the district court did not give sufficient weight to his current and future earning ability, which he argues is limited due to his incarceration and perceived difficulties he may have obtaining employment in the future due to his felony record.[2] The record on appeal indicates that the district court did consider Puckett's ability to pay. In awarding the requested restitution, the district court stated it would not order any fine or other financial obligation (including public defender reimbursement) so that, when Puckett is released from prison, he can pay restitution. Puckett has failed to show that the district court abused its discretion in ordering restitution.

## IV.

## CONCLUSION

Puckett has failed to show that his sentence is excessive or that the district court abused its discretion in ordering restitution. Accordingly, Puckett's judgment of conviction and unified

---

[2] On appeal, Puckett also notes that his "mental health issues," identified as depression for which he takes medication, are an additional circumstance relevant to his earning ability. Puckett did not present this argument to the district court in relation to his restitution argument. We, therefore, decline to consider it on appeal. Appellate court review is limited to the evidence, theories, and arguments that were presented below. *State v. Garcia-Rodriguez*, 162 Idaho 271, 275, 396 P.3d 700, 704 (2017).

sentence of twelve years, with a minimum period of confinement of two years, for possession of a controlled substance with a persistent violator enhancement and the order for restitution are affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.